Argued and submitted April 1, reversed and remanded August 5, 1987

EMERY,
*Appellant,*

*v.*

PORTLAND TYPEWRITER
& OFFICE MACHINE,
*Respondent.*

(86C-609145; CA A41571)

740 P2d 218

James M. Gleeson, Judge Pro Tempore.

Lex F. Page, Portland, argued the cause and filed the brief for appellant.

Ronald D. Thom, Gladstone, filed the brief for respondent.

Before Joseph, Presiding Judge, and Newman and Deits, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff brought this action under ORS 652.140[1] and ORS 652.150[2] to collect penalty wages. She contends that the trial court erred in finding that defendant's refusal to pay her was not "wilful."

We summarize the facts as stated in defendant employer's brief. Plaintiff worked for defendant as a salesperson from November 18, 1985, until she was discharged on December 18, 1985. On that date, defendant advised her that her wages were available, and she agreed to pick them up and at the same time return certain sales equipment. Plaintiff made no further contact with defendant until January 10, 1986, when she returned a portion of the sales equipment and was given a check representing $500 (less withholding) of $1,000 gross wages owed. Plaintiff was advised that, when she returned the rest of the sales equipment, she would be given the balance of the wages owed. Plaintiff's next contact with defendant came through a letter from her attorney requesting the remainder of her wages, and wages were paid on January 31, 1986. Plaintiff then brought this action.

The trial court determined that, pursuant to ORS 652.140, plaintiff's wages were immediately due and payable on December 18, 1985, but that plaintiff was not entitled to penalty wages under ORS 652.150, because she failed to sustain her burden of proving that defendant's failure to pay was "wilful." The meaning of "wilful" under ORS 652.150 was stated in *Sabin v. Willamette-Western Corp.,* 276 Or 1083, 1093, 557 P2d 1344 (1976):

> "In civil cases the word 'wilful,' as ordinarily used in courts of law, does not necessarily imply anything blamable, or any malice or wrong toward the other party, or perverseness or

---

[1] ORS 652.140 provides in part:

"Whenever an employer discharges an employe * * * all wages earned and unpaid at the time of such discharge shall become due and payable immediately * * *."

[2] ORS 652.150 provides in part:

"If an employer wilfully fails to pay any wages or compensation of any employe who is discharged * * * as provided in ORS 652.140, then, as a penalty for such nonpayment, the wages or compensation of such employe shall continue from the due date thereof at the same rate until paid or until action therefor is commenced * * *."

moral delinquency, but merely that the thing done or omitted to be done was done or omitted intentionally. It amounts to nothing more than this: That the person knows what he is doing, intends to do what he is doing, and is a free agent."

Defendant argues that plaintiff waived her right to immediate payment, because she neglected to pick up her pay until January 10, 1986. It cites *Crofoot v. Columbia-Willamette Air Poll. Auth.*, 31 Or App 903, 571 P2d 1266 (1977). In that case, the plaintiff wrote to his employer, shortly after his June 30, 1973, termination, saying that the employer could delay delivering his severance pay, because he was still hoping to find a government job, in which case his benefits would be transferable. He requested his pay in February, 1974, but never received it. He brought an action for severance pay and penalty wages. In response to the employer's argument that its action was not wilful because of plaintiff's "waiver," we stated:

"We see no reason why plaintiff's initial waiver of immediate payment in July 1973 should also be a waiver of [employer's] duty to make immediate payment when plaintiff made his February 1974 demand for severance pay." 31 Or App at 911.

Likewise, we see no reason why plaintiff's failure to pick up her wages on her termination date, as she had said she would, should be a waiver of her right to receive immediate payment. Even according to defendant's version of the facts, the failure to pay was "wilful." *Sabin v. Willamette-Western Corp., supra.*

Reversed and remanded.