Argued and submitted July 27, 1999, reversed and remanded with instructions May 10, petition for review denied August 15, 2000 (330 Or 553)

Audra WALES,
*Appellant,*

*v.*

WALT STALLCUP ENTERPRISES,
dba Wendy's of Southern Oregon,
*Respondent.*

(97-01829CV; CA A102680)

2 P3d 944

Jacqueline L. Koch argued the cause for appellant. With her on the briefs was Findling & Johnson.

Bradford J. Aspell argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiff appeals from a trial court judgment that denied her claim for penalty wages and attorney fees for defendant's failure to pay her her final wages within the statutory period. ORS 652.140; ORS 652.150; ORS 652.200(2). We reverse.

The parties tried the case to the court; we take the facts from its findings. Plaintiff worked at defendant's Wendy's restaurant at the rate of $5.50 per hour or $44.00 per day. On Saturday, January 11, 1997, she was scheduled to work beginning at 4:00 p.m.; at 10:00 a.m. that day she notified defendant that she was sick and would be unable to work. During the time for her regularly scheduled shift, she came to the restaurant to pick up her paycheck.[1] While she was there, she got into a dispute with the store manager and told him that "This will be my last week here at Wendy's." Although plaintiff intended the notice to be prospective, she did not expressly say so and the manager treated it as effective immediately. He therefore replaced plaintiff on the schedule for the next week. Plaintiff discovered the change when she came in on January 13 to check the schedule; she became angry and left without telling defendant that she had intended to give a week's notice. As a result, her final wages were due on January 17, which was five days, excluding Saturdays, Sundays, and holidays, after her notice. ORS 652.140(2).

Plaintiff returned to the restaurant on January 14 and asked an assistant manager when she could receive her final paycheck. He told her that it would be ready in the next day or two. Plaintiff then asked the assistant manager to notify her by telephone when it was ready. She testified that she also asked him to mail her the wages, but the court found that the assistant manager did not hear that request and, therefore, that plaintiff failed to communicate it effectively. Defendant had a policy that permitted payment of final wages in cash, but plaintiff did not know of that policy and

---

[1] Plaintiff had worked after the period that this pay check covered and, after receiving it, was still entitled to her wages for that work.

the assistant manager did not tell her. Plaintiff's final paycheck arrived at the restaurant on January 24, but defendant made no effort either to call her or to mail it to her. Plaintiff next came to the restaurant on February 8 to get her W-2 form; at that time she received her final paycheck.

ORS 652.150 provides that if "an employer willfully fails to pay any wages or compensation of any employee whose employment ceases," in accordance with ORS 652.140, then, "as a penalty for such non-payment, the wages or compensation of such employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefore is commenced," to a maximum of 30 days. Plaintiff argues that she is entitled to penalty wages under ORS 652.150 for the period from January 17 to February 8. She assigns error to the trial court's holding that, under these facts, she was not entitled to penalty wages. The trial court based that holding on its conclusion that plaintiff did not effectively communicate her desire that defendant send her the final wages by mail.

The problem with the trial court's conclusion is that it places the burden on plaintiff to ask for her final wages and to arrange for their payment. That action is contrary to the applicable statutes, which place the burden on the employer to pay the wages, not on the employee to ask for them. For current employees, ORS 652.120(1) provides that "[e]very employer shall establish and maintain a regular payday, at which date all employees shall be paid the wages due and owing to them." The statute thus creates a legal obligation for the employer to pay wages on the regular payday, without regard to an employee's request for them. For former employees who voluntarily quit their jobs, as plaintiff did, ORS 652.140(2) is the applicable statute. It provides that, when the employee quits without 48 hours' notice, "all wages earned and unpaid at the time of quitting" are "due and payable within five days excluding Saturdays, Sundays and holidays" after the employee quits or at the next regular payday, whichever comes first. In addition, ORS 652.150 provides a penalty "[i]f an employer willfully fails to pay any wages or compensation" of a terminated employee within the required time. Nothing in those statutes requires an employee to do

anything to obtain payment.[2] ORS 652.140 allows an employer to mail the final paycheck to the employee at the employee's request; it does not change the requirements if the employee does not make such a request, as the trial court found plaintiff did not.

In *Emery v. Portland Typewriter & Office Machine*, 86 Or App 635, 740 P2d 218 (1987), the plaintiff's wages were due and payable under ORS 652.140 on December 18, 1985, and the defendant notified the plaintiff that they were available on that date. The plaintiff did not come in to pick them up, however, until January 10, 1986, when the defendant paid her only half of what it owed on the ground that she had not yet returned certain sales equipment. We held that the failure to pay was willful as a matter of law. The defendant argued that, under *Crofoot v. Columbia-Willamette Air Poll. Auth.*, 31 Or App 903, 571 P2d 1266 (1977), the plaintiff was not entitled to penalty wages because she had waived immediate payment by neglecting to pick up her pay until January 10. We noted, however, that in *Crofoot* the plaintiff expressly waived immediate payment of his severance pay but that we had held that he was entitled to penalty wages when the defendant failed to pay his severance immediately upon his subsequent demand for it. In the same way, we held that the plaintiff's failure in *Emery* to pick up her final wages immediately on termination was not a waiver of her right to immediate payment. 86 Or App at 638. *Emery*, again, shows that it is the employer's burden to pay final wages.

██ In this case, the trial court correctly held that the final wages were due and payable under ORS 652.140 on January 17.[3] Defendant had the burden of paying plaintiff her final wages on that date. However, defendant did not pay them until February 8. It did not let plaintiff know that she could receive a cash payment on January 17, nor did it tell her when the January 24 check arrived at the restaurant.

---

[2] ORS 652.160 requires an employer, in case of a dispute over wages, to pay all wages conceded to be due within the time set in ORS 652.140. That statute also places the burden of making payment on the employer.

[3] In its discussion of plaintiff's right to attorney fees, defendant seems to suggest that the final wages were not due until six days later, on January 23. It apparently starts the payment period running again from January 17. We are aware of no basis for doing that.

Plaintiff finally received her wages on February 8 because someone found her final paycheck in her file when she came to the restaurant for an unrelated purpose. As a matter of law, defendant's failure to pay was willful as that term is used in ORS 652.150. *See Sabin v. Willamette-Western Corp.*, 276 Or 1083, 557 P2d 1344 (1976). In addition, because the penalty wages were not paid for a period of 48 hours, excluding Saturdays, Sundays, and holidays, after they became due, plaintiff is entitled to attorney fees under ORS 652.200(2). *See Wyatt v. Body Imaging, P.C.*, 163 Or App 526, 989 P2d 36 (1999), *rev den* 330 Or 252 (2000).

Reversed and remanded with instructions to enter judgment for plaintiff for penalty wages and attorney fees.