Dotti GIROD; Elayne Brown; Judy Myers, Plaintiffs—Appellants,

v.

Lindi BIGGI, an individual, dba/Bird Gardens; Biggi Enterprises, a Limited Liability corporation; Lorie Loftis, Defendants—Appellees.

Dotti Girod; Elayne Brown; Judy Myers, Plaintiffs—Appellees,

v.

Lindi Biggi, an individual, dba/Bird Gardens; Biggi Enterprises, a Limited Liability corporation, Defendants—Appellants,

and

Lorie LOFTIS, Defendant.

Nos. 01–35685, 01–35753.

D.C. Nos. CV–99–01524–HU, CV–99–01628–HU.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2003.

Decided March 3, 2003.

Before BRUNETTI, T.G. NELSON and RAWLINSON, Circuit Judges.

## MEMORANDUM *

1.  Prior to August 17, 1998, Myers was a voluntary employee with no expectation of receiving compensation. *See Tony & Susan Alamo Found. v. Sec'y of Labor,* 471 U.S. 290, 300–01, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985). Accordingly, no genuine issue of material fact was raised regarding Myers' entitlement to back wages for that period.

2.  Appellants failed to make a sufficient showing regarding the "off-the-clock" hours they claimed to have worked. Accordingly, entry of summary judgment was appropriate on those claims. *See Orr v. Bank of America,* 285 F.3d 764, 781–82 (9th Cir.2002).

3.  The court properly granted summary judgment in favor of Myers on her claim that she did not receive her final paycheck. Although there was some evidence that the check was issued, there was no evidence that the check was actually paid to Myers. Accordingly, no material issue of fact existed regarding the employer's failure to comply with ORS 652.140. *See Emery v. Portland Typewriter & Office Mach.,* 86 Or.App. 635, 740 P.2d 218, 219–20 (1987) (requiring *payment* of wages upon termination).

In turn, no evidence was presented to establish that the employer's failure was willful. Accordingly, the court's summary judgment in favor of the employer was warranted. *See id.* Neither party presented time cards to establish the number of hours to which Myers was entitled on her final paycheck. Therefore, the court was entitled to rely on Myers' undisputed testimony. *See Far Out Productions, Inc. v. Oskar,* 247 F.3d 986, 997 (9th Cir.2001).

4.  Summary judgment in favor of the employer on the employees' claim that they worked through lunch hours without being paid was appropriate. "The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See Brother Records, Inc. v. Jardine,* 318 F.3d 900, 908–09 (9th Cir.2003) (citation and alteration omitted). The employees' insufficient showing by way of the fabricated time cards similarly mandated entry of summary judgment.

5.  The court properly denied Myers' motion to reconsider the willfulness issue because Myers did not present any new evidence. *See Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993).

6.  The employer's obligation to document adequate recordkeeping was never triggered because Appellants did not produce sufficient evidence that they performed the work in question and were improperly compensated. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946).

7.  The court's award of attorney fees was reasonable and within its discretion. *See Sorenson v. Mink,* 239 F.3d 1140, 1144–45 (9th Cir.2001).

8.  Appellants' request to strike the employer's introduction section of the opening brief is DENIED.

The magistrate judge properly allocated the burdens of production and entered summary judgment in the absence of material questions of fact remaining for trial.

---

*See Brother Records, Inc. v. Jardine,* 318 F.3d at 908–09.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.