Argued and submitted October 21, 1998, affirmed November 24, 1999, petition for review denied April 11, 2000 (330 Or 252)

Donovan SHEA
and Curt K. Joy,
individually and on behalf of all
other similarly situated persons,
*Respondents,*

*v.*

CHICAGO PNEUMATIC TOOL COMPANY,
a foreign corporation,
PPG Industries, Inc.,
a foreign corporation,
Charles H. Day Co., Inc.,
an Oregon corporation,
and Claude Smith, Inc.,
*Appellants.*

(9509-06261; CA A94732)

990 P2d 912

Thomas V. Dulcich argued the cause for appellants. With him on the briefs were Peter A. Ozanne, Joshua L. Palmer, and Schwabe, Williamson & Wyatt.

David F. Sugerman argued the cause for respondents. With him on the briefs were Paul & Sugerman, PC, Bernard Jolles, Rick Klingbeil, and Jolles, Bernstein & Garone, PC.

Phil Goldsmith, Law Office of Phil Goldsmith, James S. Coon, and Swanson, Thomas & Coon filed a brief *amicus curiae* for Oregon Trial Lawyers Association.

Before Landau, Presiding Judge, and Linder and Brewer,* Judges.

LANDAU, P. J.

_____

* Brewer, J., *vice* Rossman, S. J.

## LANDAU, P. J.

In this product liability case, the trial court entered an order certifying that the action may be maintained as a class action with respect to several disputed issues. The court included in its order a statement that its decision to certify the class action involved four controlling questions of law as to which there is substantial ground for disagreement and that the disposition of those questions by immediate appeal would materially advance the ultimate outcome of the litigation. Defendants then initiated this interlocutory appeal of that order. Defendants challenge the court's decision to certify this case as a class action. They also challenge other rulings of the trial court. In response, plaintiffs contend that our scope of review is limited to the controlling questions of law identified by the trial court and that, as to those questions, the trial court ruled correctly. In the alternative, they argue that the trial court ruled correctly on the other matters of which defendant complains as to the certification of the class action. Finally, in the event that we do not agree with plaintiffs, they cross-assign error to the trial court's rejection of alternative grounds for certifying the case.

We conclude that, pursuant to ORS 19.225, the scope of our review is limited to the four controlling questions of law that the trial court identified as warranting resolution by interlocutory appeal. Only a portion of one of defendants' assignments of error—and none of plaintiffs' cross-assignments—falls within that limited scope of review. As to the limited issues before us, we affirm.

The facts relevant to the disposition of this appeal are not in dispute. The two named plaintiffs are workers in the automobile repair business. In the course of their work, they remove windshields from automobiles, using a pneumatic tool, the Chicago Pneumatic Automotive Pneu-Nife CP 838, commonly known as the "CP 838." Defendants are the manufacturer and several distributors of the CP 838.

Plaintiffs initiated this action for damages individually and collectively on behalf of similarly situated workers. Their complaint includes claims for strict liability, negligence, and "wanton misconduct," based on allegations that

the CP 838 is a dangerously defective product. Plaintiffs allege that the CP 838 vibrates in such a way as to cause them to suffer from Hand-Arm Vibration Syndrome (HAVS), also known as Secondary Raynaud's Syndrome. The condition causes numbness and pain in the extremities.

Plaintiffs moved to certify the case as a class action pursuant to ORCP 32 C(1). They proposed that the class be defined as all citizens who have developed Secondary Raynaud's Syndrome as a result of using the CP 838. They estimated the number of such individuals to be in excess of 125. In the alternative, plaintiffs moved for certification with respect to several specific issues, pursuant to ORCP 32 G.

Defendants opposed the motion to certify. Among other things, defendants argued that the proposed class is not sufficiently numerous and that the claims of the named plaintiffs are not necessarily typical of the claims of the other class members. Defendants introduced affidavits and deposition testimony describing various other possible causes of Secondary Raynaud's Syndrome and describing three different warnings that had been placed on the CP 838 during the time that the named plaintiffs used the device. According to defendants, because of the possible alternative causes of the syndrome and because of the changes in warnings accompanying the CP 838, disposition of plaintiffs' claims will require an inquiry into facts unique to each individual plaintiff's claim.

The trial court denied the motion to certify the case as a class action under ORCP 32 C(1). In a comprehensive written order, the trial court explained the bases for its decision, concluding that, among other things, plaintiffs did not satisfy the requirement that their claims or defenses are typical of the class they proposed to represent, that "individual questions predominate over common questions, and that numerous separate adjudications of damages *and* non-damages individual questions will be necessary." (Emphasis added.) The trial court allowed the motion to certify specific issue classes under ORCP 32 G, however. It concluded that six issues were appropriate for disposition by class action:

"1.   Is the CP-838 dangerously defective due to its design?

"2.   Is the CP-838 dangerously defective due to inadequate testing?

"3.   Was the manufacturer of the CP-[8]38 negligent in its design of the CP-838?

"4.   Was the manufacturer of the CP-838 negligent in its testing of the CP-838?

"5.   Is plaintiffs' scientific proof of causation sufficient to meet the tests of OEC 104, OEC 702 and *State v. O'Key*[, 321 Or 285, 899 P2d 663 (1995)]?

"6.   Should the manufacturer of the CP-838 be held liable for punitive damages under ORS 30.925 (1993) and, if so, for what amount?"

The court further concluded that its decision to certify would have the effect of tolling the statute of limitations for all class members, as provided in ORCP 32 O. The court also explained that its decision to certify was conditional and was subject to alteration or amendment as the case develops.

Defendants moved the trial court to certify its order for interlocutory appeal as provided in ORS 19.222. The trial court allowed the motion and amended its order to state:

"This Order certifying six core issues for class-wide treatment involves the following controlling questions of law as to which there is substantial ground for difference of opinion. An immediate appeal from this Order may materially advance the ultimate termination of the litigation.

"(a)   Whether an 'issue class' can be certified under ORCP 32G if individual issues clearly predominate over common issues;

"(b)   Whether an 'issue class' can ever be 'superior to other available methods for the fair and efficient adjudication of the litigation' when individual issues predominate over common ones and mini-trials on a multitude of individual issues will be required;

"(c)   Whether an 'issue class' is maintainable if the typicality requirement is not met; and

"(d)   Whether each discrete issue certified in this order can properly be determined on a class-wide basis or whether one or more of these issues require individual determinations."

On appeal, defendants first challenge the trial court's decision to certify the disposition of the enumerated issues for class treatment, pursuant to ORCP 32 G. Defendants contend that the trial court erred in certifying the issue classes for five different reasons: (1) because plaintiffs failed to satisfy their burden of establishing typicality; (2) because an issue class cannot be certified when individual questions of law or fact predominate over common questions of law or fact; (3) because the individual questions of law or fact are so interrelated to the core issues certified for class treatment that such class treatment cannot be superior to other available methods of adjudication; (4) because certification of an issue class to adjudicate separate core issues violates defendants' constitutional rights to jury trials on those issues; and (5) because the trial court disregarded other available methods of adjudication that are superior to class treatment. Plaintiffs contend that, at the outset, we must limit defendants' contentions to those legal issues that the trial court identified as appropriate for disposition in an interlocutory appeal. According to plaintiffs, only the first three of defendants' arguments in support of the first assignment of error are cognizable, the others being beyond the scope of the limited issues that the trial court certified for interlocutory appeal. As to the merits of limited issues that may be determined in this appeal, plaintiffs contend that the trial court was correct.

■ . We begin with the scope of our review. ORS 19.225 provides:

> "When a circuit court judge, in making in a class action under ORCP 32 an order not otherwise appealable, is of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the judge shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order to the Court of Appeals * * *. Application for such an appeal shall not stay proceedings in the circuit court unless the circuit court judge or the Court of Appeals or a judge thereof shall so order."

The statute does not explicitly state the scope of our review once we decide to exercise our discretion and allow the interlocutory appeal. That is to say, the statute does not explicitly limit our review to questions identified by the trial court as controlling questions of law, but neither does it say that our review is not limited to such questions. We are nevertheless persuaded that the legislature most likely intended that our review be limited to those controlling questions of law identified by the trial court.

In particular, we note that the statute conditions the availability of an interlocutory appeal upon the trial court's identification of a controlling question of law, the resolution of which by an immediate appeal "may materially advance the ultimate termination of the litigation." If our review is not limited by identification of such a controlling question of law, then we are unable to ascertain a purpose for requiring the trial court to identify it.

In addition, we note that both the Supreme Court and we have drawn from the statutes pertaining to the authority of the appellate courts a general policy disfavoring interlocutory appeals. *Lulay v. Earle v. Wolfer*, 278 Or 511, 514, 564 P2d 1045 (1977) ("conservation of appellate court time" supports policy disfavoring piecemeal appeals); *Springer v. Gollyhorn*, 146 Or App 389, 394 n 4, 934 P2d 501 (1997) ("purpose of prohibiting interlocutory appeals" is to "conserve appellate court time by barring decisions that may become unnecessary"). In that light, it makes sense that the legislature would intend to limit interlocutory appellate review to those questions identified by the trial court as "controlling" and as to which an immediate decision "may materially advance the ultimate termination" of the lawsuit. To permit interlocutory appellate review broader than the controlling questions identified by the trial court risks wasting the time of the appellate courts in disposing of issues that, by the disposition of the case at trial, may ultimately be rendered academic.

We therefore limit our review in this interlocutory appeal to those portions of defendants' contentions that fairly fall within the issues that the trial court identified, pursuant to ORS 19.225, as controlling questions of law as to which

there is substantial ground for disagreement and about which an immediate decision on appeal may materially advance the ultimate disposition of the case.

■ The first such contention is that the trial court erred in certifying any issues for class treatment because plaintiffs failed to establish the requirement of "typicality," as required in ORCP 32 A(3), which provides that a trial court may certify a class action if, among other things, "[t]he claims or defenses of the representative parties are typical of the claims or defenses of the class." According to defendants, the trial court's conclusion that plaintiffs failed to establish the requirement of typicality as to their motion for class certification under ORCP 32 C(1) necessarily means that they failed to establish the same requirement as to their motion for certification of issue classes under ORCP 32 G. Plaintiffs contend that the trial court correctly determined that the test of typicality as to an issue class looks to the issues to be certified, not to the claims and defenses of the class as a whole. We agree with plaintiffs.

ORCP 32 G provides:

"When appropriate an action may be brought or ordered maintained as a class action with respect to particular claims or issues or by or against multiple classes or subclasses. Each subclass must separately satisfy all requirements of this rule except for subsection A(1)."

ORCP 32 C(1) mentions certification of issue classes, as well:

"As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether and with respect to what claims or issues it is to be so maintained and shall find the facts specially and state separately its conclusions thereon."

Nothing in ORCP 32 expressly requires that, to certify a class action with respect to an issue, the requirements of ORCP 32 A—or more specifically ORCP 32 A(3)—must be satisfied as to the case as a whole and not merely as to particular issues. To the contrary, the applicable rules require the trial court to determine whether class treatment is appropriate "with respect to particular claims or issues." That only makes sense. Were it a prerequisite for certification of an

issue class under ORCP 32 G that the class representatives establish all the requirements of ORCP 32 A as to the action as a whole, it would be entirely unnecessary to request certification of an issue class, as they already would have established the requirements for class action certification of the entire case.

■ Defendants' principal argument to the contrary is not based on the language of the applicable provisions of ORCP 32, but rather on cases construing its federal counterpart, FRCP 23. *Castano v. American Tobacco Co.*, 84 F3d 734 (5th Cir 1996); *Central Wesleyan College v. W.R. Grace & Co.*, 6 F3d 177, 188 (4th Cir 1993). We are in no way bound by those decisions, however. As the Supreme Court explained in *Pamplin v. Victoria*, 319 Or 429, 433-34, 877 P2d 1196 (1994), decisions of the United States Supreme Court that predate the adoption of an Oregon rule "inform us" as to the intended effect of the Oregon rule. Federal court decisions published after the adoption of an Oregon rule have no such effect, however. We are disinclined to adopt the analysis of the lower court of another jurisdiction when it is at odds with the language of the relevant Oregon rule, as is the case here.

■■ The second of defendants' contentions that falls within the scope of the legal issues identified by the trial court is that an issue class cannot be certified when other individual issues of law or fact predominate over the common ones. Their arguments parallel those asserted as to the trial court's typicality determination: The prerequisites for a class action, including an issue class action, are identical. Once again, defendants rely exclusively on federal authority for their arguments. Plaintiffs likewise assert arguments similar to those offered in support of the trial court's typicality decision, and we again agree with plaintiffs.

ORCP 32 B provides, in part:

> "An action may be maintained as a class action if the prerequisites of section A of this rule are satisfied, and in addition, the court finds that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

The rule then lists various matters that may be "pertinent" to the trial court's findings, including:

"B(3) The extent to which questions of law or fact common to the members of the class predominate over any questions affecting only individual members[.]"

The current formulation of the rule thus includes the predominance of common questions of law and fact as a "pertinent" matter that the trial court must consider. It does not *require* predominance as a *sine qua non* of certification of any class.

Reference to the earlier version of the rule bears out this reading of ORCP 32 B. Before 1992, the rule required that, in order to certify a class, a court must find "that questions of law or fact common to members of the class predominate over any questions affecting only individual members." ORCP 32 B (1991). In 1992, the Council on Court Procedures amended the rule to remove the absolute requirement. In its commentary on the 1992 amendments, the Council explained:

"The former section's flat prohibition on the required finding of 'predominance' of common questions of law or fact if any claims of individual class members are likely to require adjudication of any separate issues apart from ascertaining damages is abandoned as unduly rigid."

Council on Court Procedures, Staff Comment, 1992, *reprinted in* Lisa A. Kloppenberg, *Oregon Rules of Civil Procedure 1997-98 Handbook*, 95 (1997).

In light of the foregoing, we agree with plaintiffs that the fact that the trial court concluded that common questions of law and fact did not predominate the action as a whole does not mean that, as a matter of law, the trial court cannot certify an issue class. Under the terms of ORCP 32 B, predominance is one of a number of factors that the trial court must take into account in making a finding as to whether a class action is superior to other available methods of adjudicating the case. Again, we do not find defendants' citations to federal authority on the point to be helpful, particularly where, as here, the language of the Oregon rule is at odds with their holdings.

None of defendants' other contentions falls within the list of controlling questions of law identified pursuant to ORS 19.225. We therefore express no opinion as to those contentions in this interlocutory appeal.

Affirmed.