Argued and submitted December 10, 2018, rulings under ORCP 32 A vacated and remanded November 14, 2019

Renee MAZA,
Jodi Real, and Steve Price, individually
and on behalf of all similarly situated,
*Plaintiffs-Appellants,*

*v.*

WATERFORD OPERATIONS, LLC
and Coos Bay Rehabilitation, LLC,
domestic limited liability company,
*Defendants-Respondents.*

Jackson County Circuit Court
14CV03147; A165030

455 P3d 569

In this putative class-action claim arising under ORS 653.055, plaintiffs sought wages and penalty wages for meal periods that were shorter than 30 minutes, contending that the 30-minute meal period required by OAR 839-020-0050, an administrative rule of the Bureau of Labor and Industries, is mandatory and that, if it is not taken, the employer must pay wages for the full 30-minute meal period. Employer contended that, under the administrative rule, an employer need only make available a 30-minute meal period, but is not required to monitor whether employees take the full 30-minute meal period or pay wages for the meal period if the employee voluntarily chooses not to take the full 30 minutes. The trial court agreed with employer's interpretation and, based on that interpretation declined to certify the class under ORCP 32 A, because a claim would be factually dependent on the reason the employee did not take the full 30-minute meal period. But, pursuant to ORS 19.225, the trial court allowed plaintiffs' interlocutory appeal seeking an interpretation of OAR 839-020-0050. *Held*: The minimum meal period prescribed by OAR 839-020-0050 is mandatory and, in the absence of a waiver of the meal period as provided in OAR 839-020-0050(8), an employer who is not exempt must require a 30-minute meal period without work duties and pay wages to an employee who is not relieved of duties during the entirety of the required minimum 30-minute meal period. The court's conclusion requires the trial court to reconsider its rulings regarding the certification of a class under ORCP 32 A.

Rulings under ORCP 32 A vacated and remanded.

Timothy C. Gerking, Judge.

Lisa T. Hunt argued the cause for appellants. Also on the briefs were Law Office of Lisa T. Hunt, LLC; David A. Schuck and Schuck Law LLC.

William E. Gaar argued the cause for respondents. Also on the brief were Jillian Pollock and Buckley Law, P.C.

Noah T. Barish and McKanna Bishop Joffe, LLP, filed the brief *amicus curiae* for Oregon AFL-CIO.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Sharia Mayfield, Assistant Attorney General, filed the brief *amicus curiae* for Bureau of Labor and Industries.

Thomas W. Sondag, Paul M. Ostroff, Peter D. Hawkes, and Lane Powell PC filed the brief *amicus curiae* for Health Care Association and Oregon Business & Industry.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

TOOKEY, J.

Rulings under ORCP 32 A vacated and remanded.

**TOOKEY, J.**

This putative class-action wage claim arises under ORS 653.055, providing for the liability of an employer "who pays an employee less than the wages to which the employee is entitled," and OAR 839-020-0050, an administrative rule of the Commissioner of the Bureau of Labor and Industries (BOLI), describing when employees must be paid for otherwise unpaid meal periods. Plaintiffs sought to certify a class of plaintiffs who they alleged had not been paid wages for meal periods under OAR 839-020-0050. The trial court declined to certify the class under ORCP 32 A. But, pursuant to ORS 19.225, the trial court has allowed plaintiffs' interlocutory appeal seeking an interpretation of OAR 839-020-0050. We provide that interpretation, vacate the trial court's rulings under ORCP 32 A, and remand the case for further proceedings.

We provide the following underlying legal, factual, and procedural background: ORS 653.261(1)(a) authorizes BOLI to adopt rules prescribing minimum conditions of employment, including minimum meal periods, "as may be necessary for the preservation of the health of employees." Pursuant to that authority, BOLI promulgated OAR 839-020-0050, which provides, as relevant:

> "(1)   The purpose of this rule is to prescribe minimum meal periods and rest periods for the preservation of the health of employees.
>
> "(2)(a)   Except as otherwise provided in this rule, every employer shall provide to each employee, for each work period of not less than six or more than eight hours, a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties.
>
> "(b)   Except as otherwise provided in this rule, if an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period."[1]

As applied to the issue here, the rule requires that, for each work period between six and eight hours in length, an

---

[1] We provide the full text of OAR 839-020-0050 as an appendix to this opinion.

employer must provide a minimum unpaid meal period of 30 minutes.[2] If the employer does not relieve the employee of work for an unpaid meal period of 30 continuous minutes, then the employer must pay the employee a penalty wage for the entire 30-minute period.

It is undisputed that defendants have authorized their hourly employees to take an unpaid 30-minute meal period. An employee handbook advises employees that, "[i]n some states these lunch and meal periods are mandatory and may not be skipped even with your consent." The handbook also explains the availability of a process for hourly employees to report meal-period issues, and employees were required to notify a manager or employer's human resources department if a meal period was not provided or if the employee performed work off the clock.

The named plaintiffs and the putative class-action plaintiffs in this case are defendants' hourly employees. As alleged by plaintiffs, defendants' records show that, between certain dates, defendants' hourly employees took unpaid meal periods that were shorter than 30 minutes.

Plaintiffs brought this wage claim under ORS 653.055, seeking certification of a class consisting of defendants' hourly employees, who plaintiffs allege are entitled to wages and penalty wages under OAR 839-020-0050(2)(b) for the shortened meal periods. The trial court initially certified the class under ORCP 32 A. But the court then reconsidered its ruling in response to the parties' arguments. Defendants argued that a class action was inappropriate because the claim of each employee was fact-dependent. *See* ORCP 32 A(2) (requiring that the class have common questions of law or fact). The view that the claims were fact-dependent derived from defendants' understanding that, under OAR 839-020-0050(2)(a) and (b), if an employer has authorized a 30-minute meal period, no liability for wages or penalty wages will attach for a shortened meal period, unless the employee was forced to return to work early. Thus, defendants contended, each employee's claim depends on the circumstances of the shortened meal period.

---

[2] There are exemptions from the meal-period requirement that are not asserted to be applicable here. OAR 839-020-0050(3).

Plaintiffs responded that the circumstances of each employee's shortened meal period are not material to the dispute. Plaintiffs' view depends on their understanding that the requirement to pay wages under OAR 839-020-0050(2)(b) attaches if the record shows that a meal period was shortened, regardless of the cause.

The trial court agreed with defendants' interpretation and decertified the class after concluding that a determination of liability under OAR 839-020-0050(2)(b) would require a fact-specific inquiry regarding the circumstances of each employee's shortened meal period. The court also denied plaintiffs' motion for partial summary judgment on the issue of liability.

The court subsequently denied plaintiffs' motion to recertify the class, but authorized this interlocutory appeal, pursuant to ORS 19.225,[3] to address the following question:

"Whether an employer can be found strictly liable under OAR 839-020-0050(2) where an employee, regardless of the circumstances, takes less than the entire duty-free 30-minute lunch break to which the employee is otherwise entitled?"

We have exercised our discretion to allow the interlocutory appeal to address the trial court's question.

The question presented requires an interpretation of OAR 839-020-0050. In aid of that, the parties reprise their interpretations offered in the trial court. Plaintiffs contend that OAR 839-020-0050(2)(b) is correctly understood to require that, with certain exceptions not relevant here, to

---

[3] ORS 19.225 allows an interlocutory appeal in a case brought as a class action under ORCP 32, even when the court has not yet decided that the action shall be maintained as a class action. The statute provides:

"When a circuit court judge, in making in a class action under ORCP 32 an order not otherwise appealable, is of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the judge shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order to the Court of Appeals if application is made to the court within 10 days after the entry of the order. Application for such an appeal shall not stay proceedings in the circuit court unless the circuit court judge or the Court of Appeals or a judge thereof shall so order."

avoid the requirement to pay meal-period wages, employers must not merely authorize but must actually require that employees take a duty-free meal period for a full 30 minutes; if, for whatever reason, an employee takes a shorter meal period, then, pursuant to OAR 839-020-0050(2)(b), plaintiffs contend that wages must be paid for the entire meal period. That outcome is what defendants and the trial court have characterized as "strict liability."[4]

In defendants' view, the requirement in OAR 839-020-0050(2)(a) to "provide" a meal period means, simply, that a 30-minute meal period must be made *available* for use, and that employers have no duty to enforce the use of the full 30-minute break. Further, defendants assert that its written policies set out in the employee handbook satisfy the requirement that it made the requisite meal period available. Under defendants' interpretation, OAR 839-020-0050(2)(b) does not impose liability for wages when an employee voluntarily returns to work before the 30 minutes have passed.[5]

In interpreting an administrative rule, we apply the same general principles applicable to an interpretation of statutes to determine the intention of the administrative agency that adopted the rule, in this case, BOLI. *Marshall's Towing v. Department of State Police*, 339 Or 54, 62, 116 P3d 873 (2005); *see Perlenfein and Perlenfein*, 316 Or 16, 20, 848 P2d 604 (1993) (applying principles). We begin our analysis with the relevant statutory and administrative texts and contexts. *Marshall's Towing*, 339 Or at 62. As noted, the statutory authorization for OAR 839-020-0050(2)(a) is found in ORS 653.261(1)(a), which provides:

> "The Commissioner of the Bureau of Labor and Industries may adopt rules prescribing such *minimum conditions of employment*, excluding minimum wages, in any occupation as may be necessary for the preservation of the health of employees. The rules may include, but are not limited to, *minimum meal periods*[.]"

---

[4] Two *amici curiae*, BOLI and the Oregon AFL-CIO, have provided briefs supporting plaintiffs' interpretation.

[5] The Oregon Health Care Association and Oregon Business & Industry have filed an *amicus curiae* brief supporting defendants' interpretation.

(Emphases added.) The statutory text authorizes the adoption of rules prescribing minimum conditions of employment, including *minimum* meal periods. In adopting OAR 839-020-0050, BOLI mirrored the text of ORS 653.261(1)(a) and stated that the purpose of the rule "is to *prescribe minimum* meal periods \*\*\* for the preservation of the health of employees." OAR 839-020-0050(1) (emphasis added). OAR 839-020-0050(2)(a) then states that, with exceptions not applicable here, "every employer *shall provide* \*\*\* a meal period of not less than 30 minutes during which the employee is relieved of all duties." (Emphasis added.) In ordinary usage, "shall" connotes a mandatory duty. *Friends of Columbia Gorge v. Columbia River (S055915)*, 346 Or 415, 426, 212 P3d 1243 (2009). And OAR 839-020-0050 (2)(b) states that, "if an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period." It is undisputed by the parties that a meal period of not less than 30 minutes must be "provided," and that, if the employee is not relieved of all duties during that 30-minute meal period, the employer must pay wages for the entire 30-minute period.

What is disputed on appeal is whether the employer has an obligation to ensure that the 30-minute meal period is actually taken. Defendants are of the view that as long as a meal period is offered they have fulfilled their obligation under the rule. Plaintiffs assert that the rule requires employees to actually take a 30-minute meal period, and that it is the employer's responsibility to enforce that requirement or to pay wages if a meal period is shortened.

We agree with plaintiffs, and we conclude that the rule's text and context support plaintiffs' interpretation that the requirement to provide "a meal period of not less than 30 minutes during which the employee is relieved of all duties" means that a 30-minute meal is mandatory and, if not taken, the employer must pay the employee's wages for the full 30-minutes. This is plain from the text of OAR 839-020-0050(2)(b), which explicitly requires that "if an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay for employee for the entire 30-minute meal period."

It is true, as defendants assert, that the word "provide" as used in OAR 839-020-0050(2)(a), can be understood as a synonym for "to make available." *See Webster's Third New Int'l Dictionary* 1827 (unabridged ed 2002) (defining "provide" as "to supply for use" and noting synonyms). But the rule's context shows an intention to make the meal period mandatory. As noted, OAR 839-020-0050(1) states that it "prescribes" minimum meal periods. To "prescribe" means to "to lay down a rule **:** give directions **:** DICTATE." *Webster's* at 1792 (as synonym, "PRESCRIBE indicates authoritative dictating or commanding"). A "minimum" is defined as "the least quantity *** possible in a given case." *Id.* at 1438. In light of the rule's stated purpose to *prescribe* a *minimum* meal period, we think that BOLI's intention in stating that employers shall provide a minimum 30-minute meal period was to *require* the meal period, *i.e.*, to make it mandatory.

OAR 839-020-0050(2)(b) states that, if an employee is not relieved of all duties during "the meal period," the employer must pay for the entire 30-minute period. "The meal period" is a reference to the minimum 30-minute meal period *prescribed* in OAR 839-020-0050(2)(a), and under OAR 839-020-0050(2)(b), the employee must be relieved of all work duties during that time. If, as defendants contend, taking a minimum meal period were voluntary, then the obligation to pay wages for the meal period would apply only when the employer forces the employee to return to work during the 30-minute period against the employee's will. But the rule on its face does not include that limitation. We conclude that, if an employee is not relieved of all duties for the prescribed minimum 30-minute meal period, OAR 839-020-0050(2)(b) requires that the employer pay the employee's wages for that period of time.[6]

---

[6] We note that our interpretation is consistent with BOLI's interpretation of the rule since at least 2008, when it issued a "Technical Assistance for Employers" publication stating:

"It is not the employee's choice whether or not to take the required breaks. To be in compliance, you must require your employee to take all mandated breaks. *** Since rules adopted in 1997 allow for penalties of up to $1000 per violation, employers should be more vigilant than ever in enforcing break rules and should never permit an employee to skip required breaks."

And in 2009, BOLI issued a "BOLI ALERT" regarding revisions to OAR 839-020-0050(2)(b) stating: "The major provisions of the Oregon meal and rest period rule *** require a basic 30-minute, unpaid meal period for every work period (six hours or greater) in which the employee is relieved of all duties."

OAR 839-020-0050(8) reinforces our interpretation of OAR 839-020-0050(2). That paragraph implements ORS 653.261(4) and describes conditions for a food or beverage service employee's voluntary "waiver" of a meal period, by which an employee may become authorized to work up to eight hours without a meal period. The waiver must be in writing, OAR 839-020-0050(8)(a)(D), and must satisfy many additional conditions. OAR 839-020-0050(8)(a)(A) - (J). If, as defendants contend, BOLI's intention was that a 30-minute meal period must only be made available but may be voluntarily skipped by the employee without consequence for the employer, then there was no need for the legislature and for BOLI to also require a written waiver of a meal period for certain types of employees. The existence of requirements for a food or beverage service employee's written waiver of a meal period supports the interpretation that the 30-minute meal period prescribed by OAR 839-020-0050(2)(a) is mandatory.

Finally, our conclusion that BOLI intended that meal periods be mandatory is consistent with our observation that both ORS 653.261 and OAR 839-020-0050 include statements that the conditions of employment, including minimum meal periods, are to be prescribed "as may be necessary for the preservation of the health of employees." It seems to us that permitting employees to skip unpaid meal periods necessary for the preservation of health and to continue to work despite risks to health would defeat that objective. And employers, because of their authority over the workplace, are in a unique position to enforce mandatory meal periods necessary for the preservation of the health of employees. Indeed, OAR 839-020-0040(4) recognizes the employer's unique role in monitoring the workplace to ensure that work is not performed when it is not requested and that breaks are taken. The rule provides:

> "It is the duty of the employer to exercise control and see that the work is not performed if it does not want the work to be performed. The mere promulgation of a policy against such work is not enough."

---

The parties have argued extensively about whether deference to BOLI's interpretation is appropriate here, but, in light of our interpretation, which agrees with BOLI's, we do not need to address that issue.

In other words, given the requirement for the mandatory meal period, it is not sufficient for employers to merely require in a handbook that employees not work during meal periods. It is the employer's duty to monitor employees' work and meal periods to ensure that full meal periods are taken.

Based on our review of the text and context of OAR 839-020-0050, we conclude that, in the absence of a waiver of the meal period as provided in OAR 839-020-0050(8), an employer who is not exempt must require a 30-minute meal period without work duties and, under OAR 839-020-0050 (2)(b), pay wages to an employee who is not relieved of duties during the entirety of the required minimum 30-minute meal period. Because our conclusion requires the trial court to reconsider its rulings regarding the certification of a class under ORCP 32 A, we vacate and remand the case to the trial court.

Rulings under ORCP 32 A vacated and remanded.

APPENDIX

OAR 839-020-0050 provides:

"(1)   The purpose of this rule is to prescribe minimum meal periods and rest periods for the preservation of the health of employees.

"(2)(a)   Except as otherwise provided in this rule, every employer shall provide to each employee, for each work period of not less than six or more than eight hours, a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties.

"(b)   Except as otherwise provided in this rule, if an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period.

"* * * * *

"(3)   If an employer does not provide a meal period to an employee under section (2) of this rule, the employer has the burden to show that:

"(a) To do so would impose an undue hardship on the operation of the employer's business as provided in section (4), and that the employer has complied with section (5) of this rule;

"(b)   Industry practice or custom has established a paid meal period of less than 30 minutes (but no less than 20 minutes) during which employees are relieved of all duty; or

"(c)   The failure to provide a meal period was caused by unforeseeable equipment failures, acts of nature or other exceptional and unanticipated circumstances that only rarely and temporarily preclude the provision of a meal period required under section (2) of this rule. If an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period.

"(4)   As used in section (3)(a) of this rule, 'undue hardship' means significant difficulty or expense when considered in relation to the size, financial resources, nature or structure of the employer's business. For the purpose of determining whether providing a meal period requires

significant difficulty or expense, the following factors may
be considered:

"(a)   The employer's cost of complying with the require-
ment to provide a meal period under section (2) of this rule.

"(b)   The overall financial resources of the employer.

"(c)   The number of persons employed at the particular
worksite and their qualifications to relieve the employee;
the total number of persons employed by the employer;
and the number, type and geographic separateness of the
employer's worksites.

"(d)   The effect of providing the meal period required
under section (2) of this rule on worksite operations
involving: the startup or shutdown of machinery in con-
tinuous-operation industrial processes; intermittent and
unpredictable workflow not in the control of the employer
or employee; the perishable nature of materials used on the
job; and the safety and health of other employees, patients,
clients or the public.

"(5)   When an employer does not provide a meal period
to an employee under section (2) of this rule, and is able to
make the required showing under section (3)(a) of this rule:

"(a)   The employer shall instead provide the employee
adequate paid periods in which to rest, consume a meal,
and use the restroom; and

"(b)   The employer shall first provide to each employee
a notice provided by the commissioner of the Bureau of
Labor and Industries regarding rest and meal periods in
the language used by the employer to communicate with
the employee. The employer shall retain and keep available
to the commissioner a copy of the notice for the duration of
the employee's employment and for no less than six months
after the termination date of the employee. Notices that
comply with this subsection are available upon request
from the bureau. This subsection takes effect on March 16,
2009.

"* * * * *

"(8)(a)   Pursuant to the provisions of ORS 653.261[4], if
an employer agrees, an employee may waive a meal period
if all of the following conditions are met:

"(A)   The employee is employed to serve food or beverages, receives tips, and reports the tips to the employee's employer;

"(B)   The employee is at least 18 years of age;

"(C)   The employee voluntarily requests to waive the employee's meal periods no less than seven calendar days after beginning employment;

"(D)   The employee's request to waive the employee's meal periods is in writing in the language used by the employer to communicate with the employee, on a form provided by the commissioner, and is signed and dated by both the employee and employer;

"(E)   The employer retains and keeps available to the commissioner a copy of the employee's request to waive the employee's meal period during the duration of the employee's employment and for no less than six months after the termination date of the employee;

"(F)   The employee is provided with a reasonable opportunity to consume food during any work period of six hours or more while continuing to work;

"(G)   The employee is paid for any and all meal periods during which the employee is not completely relieved of all duties;

"(H)   The employee is not required to work longer than eight hours without receiving a 30-minute meal period during which the employee is relieved of all duties;

"(I)   The employer makes and keeps available to the commissioner accurate records of hours worked by each employee that clearly indicate whether or not the employee has received meal periods; and

"(J)   The employer posts a notice provided by the commissioner regarding rest and meal periods in a conspicuous and accessible place where all employees can view it.

"(b)   Either the employer or employee may revoke the agreement for the employee to waive the employee's meal periods by providing at least seven (7) calendar days written notice to the other.

"(c)   Notwithstanding subsection (b) of this section, an employee who has requested to waive meal periods under

this section may request to take a meal period without revoking the agreement to waive such periods. The request to take a meal period must be submitted in writing to the employer no less than 24 hours prior to the meal period requested.

"(d)   An employer may not coerce an employee into waiving a meal period.

"(e)   An employer will be considered to have coerced an employee into waiving the employee's meal period under the following circumstances:

"(A)   The employer requests or requires an employee to sign a request to waive meal periods;

"(B)   An employee is required to waive meal periods as a condition of employment at the time of hire or at any time while employed;

"(C)   The employer requests or requires any person, including another employee, to request or require an employee to waive meal periods; or

"(D)   The employee signs a form requesting to waive meal periods prior to being employed for seven calendar days.

"(f)   Employee waiver forms and notices regarding rest and meal periods that comply with this section are available upon request from the bureau.

"* * * * *

"(11)   As used in this rule:

"(a)   'Work period' means the period between the time the employee begins work and the time the employee ends work.

"(b)   'Work period' includes a rest period as provided in section (6) of this rule, and any period of one hour or less (not designated as a meal period) during which the employee is relieved of all duties.

"(c)   'Work period' does not include a meal period unless the meal period is paid work time as provided in section (2) or (5) of this rule."