Argued and submitted March 25, affirmed May 15, 1991

# Michael OCHOA,
## *Appellant,*

*v.*

# THE WEISENSEE RANCH, INC.,
## *Respondent.*

## (C11-078; CA A65468)

811 P2d 147

Nargess Shadbeh, Woodburn, argued the cause for appellant. With her on the brief were Arthur E. Schmidt and Oregon Legal Services Corporation, Woodburn.

John Dudrey, Portland, argued the cause for respondent. With him on the brief were Lloyd W. Weisensee and Williams, Fredrickson, Stark, Weisensee & Goldsmith, Portland.

204

· Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals the trial court's denial of his claim for penalties for late payment of wages under ORS 652.150.[1] We affirm.

Plaintiff brought this action for nonpayment of overtime wages and liquidated damages under the Fair Labor Standards Act (FLSA), 29 USC § 201 *et seq.* As an alternative to his claim under FLSA, plaintiff alleged that he was entitled to unpaid overtime wages under *former* OAR 839-21-017 and ORS 653.055.[2] In a second claim for relief, he alleged that he was entitled to penalties under ORS 652.150. In *Ochoa v. Weisensee Ranch, Inc.,* 93 Or App 520, 763 P2d 173 (1988), we reversed the trial court's holding that plaintiff was excluded from recovery of overtime wages under FLSA. On remand, defendant agreed that plaintiff was entitled to overtime wages and liquidated damages under FLSA but contested his right to penalties under ORS 652.150. Plaintiff agreed to dismiss his claim under *former* OAR 839-21-017 and ORS 653.055. The court granted summary judgment to

---

[1] ORS 652.150 provides:

"If an employer wilfully fails to pay any wages or compensation of any employee who is discharged or who quits employment, as provided in ORS 652.140, then, as a penalty for such nonpayment, the wages or compensation of such employee shall continue from the due date thereof at the same rate until paid or until action therefor is commenced; provided, that in no case shall such wages or compensation continue for more than 30 days; and provided further, the employer may avoid liability for the penalty by showing financial inability to pay the wages or compensation at the time they accrued."

[2] *Former* OAR 839-21-017 (*repealed* in 1987) was promulgated under ORS 653.261 and provided, in part:

"All work performed in excess of forty (40) hours per week must be paid for at the rate of not less than one and one-half times the regular rate of pay when computed without benefit of commissions, overrides, spiffs, bonuses, tips or other similar benefits."

ORS 653.055(1) provides:

"Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected:

"(a) For the full amount of the wages, less any amount actually paid to the employee by the employer;

"(b) For costs and such reasonable attorney fees at trial and on appeal as are allowed by the court; and

"(c) For civil penalties provided in ORS 652.150."

defendant on the basis of *former* ORS 653.020(7) (*since replaced by* Or Laws 1989, ch 446, § 2).[3]

■ Plaintiff argues that the trial court erred, because the legislature did not intend to exclude employees covered by FLSA from protection under ORS 652.140 and ORS 652.150.[4] He does not point to any language in the statute or any legislative history that indicates that ORS 652.150 was intended to apply to a claim under the federal law. Penalties under ORS 652.150 depend on whether substantive rights exist under ORS 652.140 or ORS 653.055. A general reference to a federal claim does not trigger a state statutory remedy. *See Hanson v. Signer Motors, Inc.,* 105 Or App 74, 80, 803 P2d 1207 (1990).

■ Plaintiff also argues that, if an underlying substantive right must be alleged in order for one to be entitled to penalties under ORS 652.150, he has satisfied that requirement by pleading a claim under ORS 652.140.[5] Although plaintiff's amended complaint made no claim under ORS 652.140, he argues that we should construe the complaint liberally in his favor to imply such a claim. Plaintiff makes no argument regarding ORS 653.055 or *former* OAR 839-21-017 in this court. When a case has been heard on a particular theory in the trial court, on appeal the parties are restricted to the theory on which the case was tried. *Millers Mut. Fire Ins. Co. v. Wildish Const. Co.,* 306 Or 102, 107, 758 P2d 836 (1988). Plaintiff did not allege in the trial court that he had a claim under ORS 652.140. He may not allege a claim under ORS 653.055 at trial and then make a claim under ORS 652.140 on appeal.

Affirmed.

---

[3] *Former* ORS 653.020(7) did not permit employees covered by FLSA to obtain ORS 652.150 penalties under ORS 653.055(1)(c).

[4] Plaintiff also argues that FLSA does not preempt ORS 652.150. Preemption is not the issue. The issue is whether plaintiff pled a basis for a claim under ORS 652.150.

[5] ORS 652.140(1) provides, in part:

"Whenever an employer discharges an employee, or where such employment is terminated by mutual agreement, all wages earned and unpaid at the time of such discharge shall become due and payable immediately * * *."