William DAVIS, Plaintiff,

v.

MAXIMA INTEGRATED PRODUCTS, a foreign corporation, Defendant.

Civil No. 98–1258–HU.

United States District Court, D. Oregon.

May 12, 1999.

must make a *de novo* determination of that portion of the magistrate judge's report. *See* 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981), *cert. denied*, 455 U.S. 920, 102 S.Ct. 1277, 71 L.Ed.2d 461 (1982).

Plaintiff has timely filed objections. I have, therefore, given *de novo* review of Magistrate Judge Hubel's rulings.

I find no error. Accordingly, I ADOPT Magistrate Judge Hubel's Findings and Recommendation (# 21) dated March 5, 1999, in its entirety. Plaintiff has established as a matter of state law that he is entitled to two penalties for the 3–4 day delay in receiving his final paycheck for back wages and overtime. Plaintiff has failed to establish a violation of the FLSA as a matter of law and has conceded that factual issues preclude summary judgment on his claim relative to additional vacation and sick pay. Accordingly, plaintiff's motion for summary judgment (# 8) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

HUBEL, United States Magistrate Judge.

## FINDINGS & RECOMMENDATION

Plaintiff filed this action against his former employer seeking unpaid regular wages and unpaid overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216, and Oregon wage laws, 653.055, et seq. Plaintiff now moves for summary judgment. For the reasons which follow, I recommend that plaintiff's motion be granted in part and denied in part.

*Background*

Plaintiff was employed by defendant at a rate of $9.67/hour. On February 27, 1998, plaintiff was notified of his termination, effective March 1, 1998. On March 5, 1998, defendant issued a pay statement indicating vacation, holiday and gross pay. Defendant claims that it also issued a

J. Dana Pinney, Tualatin, OR, for plaintiff.

J. Kent Pearson, Jr., Amy Alpern, Amburgey & Rubin, P.C., Portland, OR, for defendant.

### ORDER

ROBERT E. JONES, District Judge.

Magistrate Judge Dennis J. Hubel filed Findings and Recommendation (# 21) on March 5, 1999, in the above entitled case. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b). When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court

check to plaintiff on its regular payroll day, March 5, 1998 for all wages (both regular and overtime). Plaintiff claims that defendant issued him a final check for all wages earned up to March 1 on March 6, 1998. Thus, there is a one day dispute over the date the final paycheck issued.

Plaintiff claims that because his termination was effective as of the beginning of a new month (March 1), he is entitled to an additional paid vacation day and an additional paid sick day as per company policy. Thus, he also seeks back wages and penalties for these two days. Defendant claims that vacation and sick days are only earned at the and of a work month and thus, plaintiff was paid in full as of March 5. Although raised in his initial motion, with his reply plaintiff concedes that he is not entitled to summary judgment relative to his right to recover additional back wages for the vacation and sick day allegedly earned by virtue of his termination date. Thus, the remainder of plaintiff's motion focuses upon whether he is entitled to penalties under federal and/or state law for defendant's failure to timely pay him back wages and overtime and whether plaintiff is entitled to recover attorney's fees.

*Discussion*

A. *FLSA*

■ Federal law provides that an employer who fails to pay minimum wages and/or overtime wages may be subject to a penalty equal to the amount of unpaid compensation. 29 U.S.C. § 216(b). The statute is silent as to timing. However, the Ninth Circuit has held that implicit within the statute is a requirement that wages be paid on time. *Biggs v. Wilson,* 1 F.3d 1537 (9th Cir.1993), *cert. denied,* 510 U.S. 1081, 114 S.Ct. 902, 127 L.Ed.2d 94 (1994). The court held that wages are considered "unpaid unless they are paid on the employee's regular payday." *Id.* at 1539.

■ There is no dispute that plaintiff received a paycheck on his employer's reg-

ularly scheduled payday for all but the disputed amount relative to an additional vacation and sick day. Plaintiff argues that because his final paycheck was due within one business day following his termination as per Oregon law, O.R.S. 652.140(1), defendant also violated the FLSA. However, the Ninth Circuit in *Biggs* made no reference to state law, and instead adopted the position that wages were timely paid if paid in accordance with the employer's established practice. Although the court in *Biggs* was not addressing a situation in which the employees had been terminated, there is nothing to support plaintiff's theory that his employer's regularly established payroll time should have been modified pursuant to the FLSA. Certainly, nothing in the FLSA nor the *Biggs* decision suggests that state law should control when wages are due. Thus, I recommend that plaintiff's motion for summary judgment on his FLSA claims be denied.

B. *State Law*

Under Oregon law, when an employer terminates an employee, all wages earned and unpaid at the time of discharge become due "not later than the end of the first business day after the discharge." O.R.S. 652.140(1). Failure to pay any wages due subjects the employer to liability under O.R.S. 653.055 which in turn calls for the imposition of penalties for any "willful" late payment in accordance with 652.150. Section 652.150 calls for a penalty of the employee's regular hourly rate for eight hours/day from the due date until payment.

■ There is no dispute that defendant failed to issue plaintiff a final paycheck within one business day of his termination. Plaintiff's final paycheck was due March 2, 1998. There is a factual dispute over whether plaintiff received his final paycheck on March 5 or March 6, 1998.

■ Although disputed in its response brief, during oral argument defendant con-

ceded that there is no factual dispute that its withholding of plaintiff's check for 3–4 days was "willful" as that term is defined under Oregon law.[1]

Based upon this concession, plaintiff is entitled to summary judgment on the issue of defendant's willful failure to issue a paycheck for 3–4 days. Plaintiff is entitled to a statutory penalty for unpaid regular wages in the amount of $77.36/day ($9.67/hour for 8 hours) for 3–4 days ($232.08 for 3 days; $309.44 for 4 days).

█ The penalty statute, O.R.S. 652.150, fails to differentiate a computation method between unpaid back wages and unpaid overtime wages. As has been noted in several unpublished Multnomah County Circuit Court opinions (attached to plaintiff's submissions) and the Utah Supreme Court in *Smith v. Batchelor*, 832 P.2d 467 (1992), penalties for failure to pay back wages and penalties for failure to pay overtime seek to remedy two distinct wrongs, thus justifying the imposition of one penalty for each violation. Pro–Tem, Multnomah County Circuit Court Judge Jeffrey Kilmer appears to have used the same formula to compute a penalty for unpaid overtime wages, imposing two separate penalties for the same amount. Once the factual issue of whether plaintiff was paid on March 5 or 6 is resolved, plaintiff will be entitled to two statutory penalties of $232.08 or $309.44.

### C. Attorney's Fees

I recommend deferral of any ruling on this issue. If plaintiff successfully proceeds with his FLSA claim as to the additional 2 days' vacation and sick pay issue, then 29 U.S.C. § 216(b) mandates the imposition of reasonable attorney fees. Even if plaintiff only succeeds on his state law claims, O.R.S. 652.200(2) provides that in any action to collect wages, the court "shall" include a reasonable fee award "upon entering judgment for plaintiff." Plaintiff will clearly be entitled to some fees since he has established entitlement to at least some penalty wages; whether his fee request will be reasonable given his overall success in the case is a matter best left to resolution following a full determination of the merits.

### Conclusion

Based upon the foregoing, I recommend that the court find that plaintiff has established as a matter of state law that he is entitled to two· penalties for the 3–4 day delay in receiving his final paycheck for back wages and overtime. Plaintiff has failed to establish a violation of the FLSA as a matter of law and has conceded that factual issues preclude summary judgment on his claim relative to additional vacation and sick pay. Accordingly, plaintiff's motion for summary judgment (# 8) should be GRANTED in part and DENIED in part.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due March 24, 1999. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due April 7, 1999, and the

---

1. Oregon courts define "willfulness" as used in the wage statute much like a general intent crime; it includes any intentional or volitional act and specifically excludes any good faith defense. *Sabin v. Willamette–Western*, 276 Or. 1083, 557 P.2d 1344 (1976) *See also Emery v. Portland Typewriter and Office Machine*, 86 Or.App. 635, 740 P.2d 218 (1987) (trial court reversed for failing to award a penalty to an employer who made check available to employee at its office even though employee failed to pick up the check); *Wells v. Carlson*, 78 Or.App. 536, 540, 717 P.2d 640 (1986) (penalty applied even where non-payment based upon a misunderstanding); and *Kling v. Exxon*, 74 Or.App. 399, 703 P.2d 1021 (1985) (employer unsuccessfully argued that payment on its regularly scheduled payroll date should excuse a penalty under the statute, even where the employer also paid the employee for days he didn't work between his termination and the receipt of his paycheck).

review of the Findings and Recommendation will go under advisement on that date.

March 5, 1999.