Argued and submitted May 14, reversed and remanded August 22, 2001

### Shannon CORNIER,
*Appellant,*

*v.*

### PAUL TULACZ, DVM PC,
*Respondent.*

98-C006081; A109419

30 P3d 1210

Marlee Buckson argued the cause for appellant. On the briefs were Craig A. Crispin and Crispin & Associates.

David J. Sweeney argued the cause for respondent. With him on the brief were Paul G. Dodds and Brownstein, Rask, Sweeney, Kerr, Grim, DeSylvia & Hay, LLP.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

SCHUMAN, J.

## SCHUMAN, J.

Plaintiff brought this action against her former employer alleging, among other claims not relevant to this appeal, that during her employment defendant failed to pay her overtime, a violation of ORS 653.261, and that when she quit defendant willfully failed to pay her accumulated vacation wages, a violation of ORS 652.140. In addition to the unpaid sums, plaintiff also sought two statutory penalties, one for each violation. The trial court held that employer violated both statutes, but imposed a penalty only for failing to pay vacation wages. Plaintiff appeals, assigning as error the denial of the second penalty. We reverse.

Plaintiff, a veterinary technician, worked for defendant, an animal clinic. When plaintiff worked overtime, defendant paid "straight time" instead of the "time and a half" required under ORS 653.261(1).[1] Further, when she voluntarily left defendant's employ, defendant willfully failed to pay her for three days of accrued vacation. That failure violated ORS 652.140(2), which requires that all unpaid wages are due at the time of termination. Defendant conceded these violations, and the trial court granted plaintiff's claim for $1,111.19 in unpaid overtime and $180 in unpaid vacation. It also granted plaintiff's claim for $1,800 as a penalty for defendant's violation of the "unpaid wages at termination" statute, an award that defendant does not appeal, but denied plaintiff's claim for a second $1,800 award as a penalty for violating the overtime statute. The second penalty, the court reasoned, would create a "double recovery" and exceed the statutory "cap" on penalties. Plaintiff appeals from that denial, maintaining that defendant violated two separate statutes, each with its own distinct penalty. Defendant maintains that a single penalty statute with a specified "cap" applies to both violations, because both are subsumed in a single misdeed by employer: failing to pay plaintiff what employer owed her when she left.

---

[1] ORS 653.261 generally authorizes the Commissioner of the Bureau of Labor and Industries to promulgate rules regarding working conditions, including overtime. "One and one-half times the regular rate" is the required overtime pay. OAR 839-020-0030(1).

■       The relevant statutes fall into two categories: statutes dealing with failure to pay wages owed at termination and statutes dealing with failure to pay overtime. The "wages owed at termination" statutes are ORS 652.140(2), which provides that "all wages earned and unpaid at the time of quitting become due and payable immediately," and ORS 652.150, which provides a penalty for employers who do not make the payment required by ORS 652.140:

> "If an employer willfully fails to pay any wages or compensation of any employee whose employment ceases, as provided in ORS 652.140 * * *, then, as a penalty for such nonpayment, the wages or compensation of such employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefor is commenced; provided, that in no case shall such wages or compensation continue for more than 30 days from the due date[.]"

ORS 652.150. The overtime statutes are ORS 653.261, under which employers must pay "one and one-half times the regular rate of pay" for work in excess of 40 hours in one week, and ORS 653.055, which provides a penalty for employers who do not pay at that rate:

> "(1)   Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected:
>
> "(a)   For the full amount of the wages, less any amount actually paid to the employee by the employer; and
>
> "(b)   For civil penalties provided in ORS 652.150."

Plaintiff would paraphrase subsection (b) to mean that the failure to meet minimum wage or overtime requirements immediately exposes an employer to a penalty separate and distinct from the penalty for wages unpaid at termination and that the separate penalty is *calculated* as "provided in ORS 652.150." Defendant and the trial court read subsection (b) as a legislative decision to bundle subminimum wage and inadequate overtime offenses with nonpayment at termination offenses into a single penalty provision under which all employer underpayments or nonpayments, regardless of whether they occur during or after employment, are considered together for purposes of the statutory penalty cap.

■      Defendant's interpretation suffers from a fatal flaw. By its own unambiguous terms, ORS 652.150 imposes a penalty on an employer who "fails to pay *any wages or compensation* of any employee whose employment ceases * * *." ORS 652.150 enforces ORS 652.140, which requires employers to pay, upon termination, "all wages earned and unpaid." Thus, an employer who fails timely to pay an employee unpaid or underpaid overtime when that employee quits or is fired is subject to the penalty provision of ORS 652.150, with or without ORS 653.055(1)(b). If the purpose of that latter statute were merely to bring unpaid overtime claims under the penalty umbrella of ORS 652.150, it would be utterly redundant; those claims are already there. On the other hand, if the purpose is to create a separate and independent penalty for minimum wage or overtime offenses when those offenses occur prior to termination, then in enacting it the legislature did not engage in a needless act. In construing statutes, we "presume that the legislature did not intend to enact a meaningless statute." *FOPPO v. Washington County*, 142 Or App 252, 259, 920 P2d 1141, *rev den* 324 Or 394 (1996).

Plaintiff's interpretation, moreover, recognizes that the statutes refer to separate varieties of employer misconduct, each of which is based on a different set of facts. One kind of misconduct—failure to pay "time and a half" for overtime—is a violation of Oregon's minimum employment conditions law and can occur during employment. Had plaintiff never terminated her employment with defendant, she still would have had a valid claim under ORS 653.261. The second kind of employer misconduct—failure to pay wages due and owing upon termination—addresses a different social evil, regulated by a different ORS chapter, which occurs after the employment relationship has ended. Thus, the two penalty provisions at issue remedy two distinct statutory violations that arise out of different factual contexts and accrue at different times.

Defendant argues that, under plaintiff's interpretation of the statutory scheme, a clever employee could choose not to assert a violation of overtime or minimum wage requirements until termination and then assert it twice, once as a violation of the overtime statute and once as a violation of the statute requiring prompt payment of all wages due and

owing at termination, thereby collecting two penalties for the exact same employer misconduct. This argument is unconvincing for three reasons. First, it derives from the presumption that the legislature would not have wanted to create the "absurd result" of permitting an employee to turn a single instance of employer misconduct into two penalties. But even if the "absurd result" rule could be invoked here by defendant, *but see State v. Vasquez-Rubio*, 323 Or 275, 283, 917 P2d 494 (1996) (absurd result maxim inappropriate absent ambiguity), the same rule could be invoked with equal and offsetting force by plaintiff: Defendant's reading of the statutes would yield an Alice-in-Wonderland system in which an employer could underpay his or her entire workforce for overtime, or pay it less than minimum wage, without fear of incurring any penalty, by simply deciding to withhold payment until an employee quits or is fired and sues for unpaid wages. Second, this case does not present an instance of double penalties for the same conduct, and we do not address that issue, because here the violation that occurred during employment was underpayment for overtime, while the violation at termination was nonpayment for accrued vacation. Plaintiff has asserted separate violations for separate acts of her employer. Third, if this case did present two claims for two penalties based on the same employer misconduct, one of those claims would probably fail under *Hurger v. Hyatt Lake Resort, Inc.*, 170 Or App 320, 328, 13 P3d 123 (2000), *rev den* 331 Or 583 (2001) (rejecting argument that the "one violative act" of failing to pay wages due at termination constituted an independent violation of ORS 653.055 attributable to each component type of wage included in that final late payment).

Our conclusion comports with the reasoning of *Ochoa v. Weisensee Ranch, Inc.*, 107 Or App 203, 811 P2d 147 (1991), where this court recognized that ORS 652.140 and ORS 653.055 represent separate theories of recovery. In that case, the plaintiff originally pleaded entitlement to unpaid overtime under ORS 653.055 and penalties under ORS 652.150, but later dismissed the ORS 653.055 claim. On appeal, the plaintiff argued that, despite that dismissal, he was entitled to ORS 652.150 penalties under ORS 652.140. We rejected that argument, noting that the plaintiff had not raised any claim under ORS 652.140 at trial and that he was

"restricted to the theory on which the case was tried. * * * He may not allege a claim under ORS 653.055 at trial and then make a claim under ORS 652.140 on appeal." *Ochoa,* 107 Or App at 206.

We note also that the federal courts have reached the same conclusion with respect to Oregon's wage and hour penalty provisions. In *Davis v. Maxima Integrated Products,* 57 F Supp 2d 1056 (D Or 1999), the plaintiff alleged violations of ORS 652.140 and ORS 653.055. Judge Robert E. Jones reasoned:

> "[P]enalties for failure to pay back wages and penalties for failure to pay overtime seek to remedy two distinct wrongs, thus justifying the imposition of one penalty for each violation."

57 F Supp 2d at 1059. That reasoning was subsequently cited in *Hargrove v. Sykes Enterprises, Inc.*, 2000 WL 1132049 (D Or 2000), in support of that court's conclusion that "ORS 652.140 and ORS 653.055 are separate statutes that each call for a penalty of their own. Relief pursuant to the one statute does not preclude relief pursuant to the other." *Id.* at *3.

Plaintiff prevailed on her claim for unpaid overtime under ORS 653.055. Under the terms of that statute, she is entitled to penalty wages calculated according to the formula set forth in ORS 652.150, regardless of the other penalty to which she was entitled. The trial court erred in ruling otherwise.

Reversed and remanded.