172      November 26, 2025      No. 1011

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ATHENA,
Leila Barbeau, and Aaron St. Pierre,
*Plaintiffs-Respondents,*

*v.*

PELICAN BREWING COMPANY
and Kiwanda Hospitality Group, LTD.,
*Defendants-Appellants.*

Tillamook County Circuit Court
20CV33103; A179138

Eve L. Miller, Judge.

Argued and submitted July 31, 2024.

Michael T. Garone argued the cause for appellants. Also on the briefs was Schwabe, Williamson & Wyatt, P.C. Also on the reply brief were J. Alexander Bish and Nicholas D. Lauren.

Jon M. Egan argued the cause and filed the brief for respondents.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed and remanded for further proceedings.

**HELLMAN, J.**

In this class action wage and hour case, plaintiffs, former hourly employees of defendants, Pelican Brewing Company and Kiwanda Hospitality Group, Ltd., seek compensation for meal periods lasting fewer than 30 minutes. Plaintiffs brought their claim under ORS 653.055, which provides that employers are liable to employees for unpaid wages, and OAR 839-020-0050, an administrative rule of the Commissioner of the Bureau of Labor and Industries (BOLI), which requires employers to "pay" employees for meal periods lasting fewer than 30 minutes. Under ORCP 32 E, the trial court issued an order concluding that the pay owed to an employee for a shortened meal period under OAR 839-020-0050(2)(b) constitutes a wage that plaintiffs have a right of action to recover under ORS 653.055. The trial court also permitted either party to bring an application for an interlocutory appeal of its ORCP 32 E order, as authorized by ORS 19.225, identifying four controlling questions of law: (a) whether the "pay" owed to an employee under OAR 839-020-0050(2)(b) for a meal period lasting fewer than 30 minutes is a penalty or a wage; (b) what is the statute of limitations applicable to such a claim; (c) whether an employer who fails to pay an employee for a shortened meal period may be liable for penalties provided for in ORS 653.055(1)(b); and (d) whether employees have a private right of action for shortened meal periods.

Defendants sought the appeal, and we granted leave under ORS 19.255 for defendants to file the interlocutory appeal. Because the appeal presents novel legal questions, we exercise our discretion to address the merits of each question identified by the trial court.

As we will explain, we conclude that the text, context, and relevant adoption history of OAR 839-020-0050 establish that an employee who receives a shortened meal period has not stopped working for purposes of wage and hour laws. We therefore conclude that the "pay" described in section (2)(b) of that rule refers to a wage, as opposed to a penalty. As a result, if an employer fails to ensure that work is not performed during an otherwise unpaid meal period, that meal period is compensable work time, and thus, the

employer is liable to the employee for a wage for the entire 30-minute meal period. We further conclude that, in enacting the meal period rule, BOLI acted within the scope of its delegated authority under ORS 653.261(1) and ORS 653.040(3) to define work periods during which an employee is owed a wage. Because ORS 653.055 expressly provides that an employer is liable to an employee for "the wages to which the employee is entitled" under ORS 653.261, plaintiffs have a private right of action to recover wages based on shortened meal periods. A wage claim arising under ORS 653.055 is subject to a six-year statute of limitations under ORS 12.080, and an employer may be liable for civil penalties as provided in ORS 653.055(1)(b) and ORS 652.150. Accordingly, we affirm the trial court's ruling and remand for further proceedings.

## I.  BACKGROUND

We begin by describing the underlying legal, factual, and procedural background. ORS 653.261(1)(a) authorizes BOLI to "adopt rules prescribing such minimum conditions of employment *** as may be necessary for the preservation of the health of employees," and those rules may include "minimum meal periods and rest periods." Separately, ORS 653.040 authorizes BOLI to adopt rules "to carry out the purposes of" and "to prevent the circumvention or evasion of" ORS 653.261. Pursuant to those statutory grants of authority, BOLI adopted OAR 839-020-0050, which provides in relevant part:

"(1)  The purpose of this rule is to prescribe minimum meal periods and rest periods for the preservation of the health of employees.

"(2)(a)  Except as otherwise provided in this rule, every employer shall provide to each employee, for each work period of not less than six or more than eight hours, a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties.

"(b)  Except as otherwise provided in this rule, if an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period."

Thus, the rule requires an employer to provide employees with a minimum unpaid meal period of 30 minutes for each work period between six and eight hours in length. If the employer does not relieve the employee of their duties for 30 continuous minutes, the employer must "pay" the employee for the entire 30-minute period. This appeal presents an important legal question that we have not previously addressed: whether the required "pay" constitutes a wage or a penalty under the statutes.[1]

In the instant case, the facts relevant to the disposition of this interlocutory appeal are not in dispute. The named plaintiffs and the putative class-action plaintiffs are former servers at the Pelican brewpub. Plaintiffs allege that they received meal breaks lasting fewer than 30 minutes and that defendants failed to pay plaintiffs for those meal breaks as required by OAR 839-020-0050(2)(b), resulting "in a consistent net underpayment to plaintiffs and the class members." Plaintiffs brought their suit under ORS 653.055, which provides, in relevant part:

"(1)   Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 or 653.272 is liable to the employee affected:

"(a)   For the full amount of wages, less any amount actually paid to the employee by the employer; and

"(b)   For civil penalties provided in ORS 652.150."

ORS 652.150 provides that an employer who willfully fails to timely pay wages owed to an employee upon termination may be liable to that employee for "penalty wages" of no more than 30-days wages. Plaintiffs conceded below that the reference to ORS 652.150 in ORS 653.055 entitled each plaintiff to a single 30-day penalty for the violation of ORS 653.261 and OAR 839-020-0050. The trial court accepted plaintiffs' concession in its order denying defendants' ORCP 21 motion to dismiss, ordering that plaintiffs "are restricted, as they concede[,] *** to one 30-day penalty per employee."

---

[1] We note that in *Maza v. Waterford Operations, LLC*, 300 Or App 471, 480, 455 P3d 569 (2019), *rev den*, 366 Or 382 (2020), we characterized the pay due to an employee based on a violation of OAR 839-020-0050 as a wage. However, the legal question as to whether that pay is a wage or a penalty was not before us in that case.

Pursuant to ORCP 32 E,[2] plaintiffs filed a motion seeking clarification of the penalty structure governing their claims and more specifically, seeking an interpretation of the statutory and regulatory frameworks governing meal periods and wage claims and their interaction with one another. In its ORCP 32 E order, the trial court concluded that "[a] verified claim for *** shortened meal periods are wages, not a penalty[,]" and that "ORS 653.055(1) provides for a remedy and private right of action under OAR 839-020-0050." In the same order, the trial court authorized either party to bring an interlocutory appeal, pursuant to ORS 19.225,[3] identifying four controlling questions of law:

"(1)  Does the amount an employer must 'pay' an employee for a short[ened] meal period under OAR 839-020-0050(2)(b) constitute a penalty or a wage?

"(2)  What is/are the statute(s) of limitation applicable to claims based on OAR 839-020-0050(2)(b)?

"(3)  Does an employer's failure to pay for a shortened meal period under OAR 839-020-0050(2)(b) entitle the employee to penalty wages under ORS 653.055(1)(b)?

---

[2] ORCP 32 E provides, in relevant part:

"In the conduct of [class] actions to which this rule applies, the court may make appropriate orders which may be altered or amended as may be desirable:

"E(1)  Determining the course of proceedings or prescribing measures to prevent undue repetition or complication in the presentation of evidence or argument, including precertification determination of a motion made by any party pursuant to Rules 21 or 47 if the court concludes that such determination will promote the fair and efficient adjudication of the controversy and will not cause undue delay; [and]

"*****

"E(5)  Dealing with similar procedural matters."

[3] ORS 19.225 provides:

"When a circuit court judge, in making in a class action under ORCP 32 an order not otherwise appealable, is of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the judge shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order to the Court of Appeals if application is made to the court within 10 days after the entry of the order. Application for such an appeal shall not stay proceedings in the circuit court unless the circuit court judge or the Court of Appeals or a judge thereof shall so order."

"(4) Do employees have a private right of action for shortened meal periods?"

We permitted defendants to file the interlocutory appeal, and, because the certified questions pose important and novel legal issues, we exercise our discretion to address all four of the trial court's identified questions.

## II. DISCUSSION

At the outset, we clarify what is and is not at issue. The parties agree that BOLI has the authority to require employers to provide employees with a continuous 30-minute meal period. However, the parties fundamentally disagree as to how that requirement may be enforced. Defendants argue that ORS 653.261(1) does not "delegate to BOLI the authority to promulgate rules that create wage claims for violations of minimum conditions of employment, such as meal-period entitlements." Even though, under ORS 653.256, BOLI may impose a civil penalty against an employer that fails to provide the full meal period, defendants contend that BOLI "cannot enable employees to sue their employers to recover money for such failures." Thus, in defendant's view, the answer to the trial court's fourth certified question as to whether a private right of action for shortened meal period exists is dispositive. If such an action exists, defendants alternatively argue that OAR 839-020-0050(2)(b), properly construed, entitles employees to a flat 30-minute penalty, as opposed to a wage, for a shortened meal period. That construction in turns supplies the answer to the trial court's other certified questions: an action to recover a penalty must be commenced within three years under ORS 12.100 and plaintiffs may not recover an additional penalty under ORS 653.055(1)(b) for the same misconduct.

Plaintiffs respond that BOLI has not created a private right of action. Rather, in plaintiffs' view, OAR 839-020-0050(2) simply defines a meal break lasting fewer than 30 minutes as compensable work time for which an employee is owed a wage. If an employer fails to pay wages, employees have a legislatively created right of action under ORS 653.055 to recover those wages. Under plaintiffs' framework, such wage claims are subject to a six-year statute of

limitations under ORS 12.080(2), and employees may seek penalty wages under ORS 653.055(1)(b).

Below, we answer the trial court's certified questions in a slightly different order than presented to us. We start with the first question because we must determine the correct interpretation of the rule before we can decide whether the rule exceeds the scope of BOLI's authority. We then answer the trial court's fourth question because it is potentially dispositive; that is, if we agreed with defendant's arguments, there would be no need to reach the second and third questions. However, because as explained below, we do not agree with defendant's arguments, we turn finally to questions two and three.

A.   *Question One: Does the amount an employer must 'pay' an employee for a shortened meal period under OAR 839-020-0050(2)(b) constitute a penalty or a wage?*

In interpreting an administrative rule, "we apply the same general principles applicable to an interpretation of statutes to determine the intention of the administrative agency that adopted the rule, in this case, BOLI." *Maza v. Waterford Operations, LLC*, 300 Or App 471, 476, 455 P3d 569 (2019), *rev den*, 366 Or 382 (2020). Accordingly, "we consider the text of the rule and its context, including other portions of the rule and related laws, and the rule's adoption history." *County of Klamath v. Ricard*, 317 Or App 608, 612, 507 P3d 333 (2022) (internal quotation marks omitted).[4]

---

[4] When interpreting agency rules, "[w]e defer to [an] agency's *plausible* interpretation of its own rule, including an interpretation made in the course of applying the rule, if that interpretation is not inconsistent with the wording of the rule, its context, or any other source of law." *Harris v. Dept. of Public Safety Standards*, 287 Or App 111, 115, 400 P3d 1032, *rev den*, 362 Or 94 (2017) (internal quotation marks omitted; emphasis in original). Here, plaintiffs argue that we should defer to BOLI's interpretation of the rule as set forth in a declaration of the Administrator of BOLI's Wage & Hour Division, which was submitted in unrelated class-action litigation in 2011. The declaration provides that BOLI interprets OAR 839-020-0050(2) as requiring employers to pay a wage to employees for shortened meal periods:

"The following example is how BOLI interprets and enforces OAR 839-020-0050(2):

"If the employee begins a meal period of unpaid time by clocking out at 1:00 p.m., but then clocks back in to work (and resumes being paid at an hourly rate) at 1:20 p.m., then unless a specific exception in Section (3) of the

We begin with the relevant text and context of the rule. *Maza*, 300 Or App at 476. OAR 839-020-0050(2)(b) provides that "if an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must *pay* the employee for the entire 30-minute meal period." (Emphasis added.) The rule itself does not specify whether the pay owed to an employee is a wage or a penalty. However, "wages" is defined in both ORS chapters 652 and 653, which respectively govern wage claims and employment conditions. ORS 653.010(10) defines "wages" as "compensation due to an employee by reason of employment[.]" Certainly, the "pay" described in the rule falls comfortably within that definition—a shortened meal period can only arise "by reason of employment." Separately, ORS 652.210(14) defines "wages" as "all compensation for performance of service by an employee for an employer[.]" If an employee performs a service for their employer during the 30-minute meal period, that employee has not been completely relieved of their job duties and is then entitled to pay under OAR 839-020-0050(2)(b). Accordingly, although the two statutory definitions of "wages" are not identical, we conclude that both definitions encompass the "pay" described in OAR 839-020-0050(2)(b).

On the other hand, a penalty, though not statutorily defined, is "punitive, not compensatory, in nature." *North Marion Sch. Dist. #15 v. Acstar Ins. Co.*, 343 Or 305, 316, 169 P3d 1224 (2007) (holding that a surety is not liable for penalty wages under ORS 652.150 arising from a contractors' breach of their payment obligations to employees). In the specific context of ORS chapters 652 and 653, penalties result from an employer's willful misconduct. *See* ORS 652.150 (providing for penalty wages where "an employer willfully fails to pay any wages or compensation of any

OAR is shown, the employer must pay wages to the employee for the 20 minutes spent clocked out for that short meal period.

"The requirement under the Rule to pay wages would equally apply if in the above example the employee's meal period had been only 15 minutes, or 25 minutes unless the employer shows a specific exception in Section (3)."

We are not aware of any final orders or opinion letters explaining how BOLI interprets the meal break provisions in OAR 839-020-0050(2), nor has either party identified a source other than the 2011 declaration. In light of our interpretation, which ultimately agrees with the interpretation set forth in the declaration, we need not decide whether deference to BOLI is appropriate in these circumstances.

employee"); ORS 653.256 (authorizing BOLI to "assess a civil penalty" against "any person that willfully violates" ORS 653.261). Indeed, we have previously observed that penalty wages under ORS 652.150 function to "protect employees from unscrupulous or careless employers who fail to compensate their employees although they are fully aware of their obligation to do so." *Migis v. Autozone, Inc.*, 282 Or App 774, 802, 387 P3d 381 (2016), *adh'd to on recons*, 286 Or App 357, 396 P3d 309, *rev den*, 362 Or 300 (2017) (citing *State ex rel Nilsen v. Johnston et ux*, 233 Or 103, 108, 377 P2d 331 (1962)). Unlike those statutory penalties, OAR 839-020-0050(2)(b) does not require any specific intent or deliberate conduct on the part of the employer to shorten the meal period, and thus, the "pay" owed to an employee is more akin to a wage. Moreover, that interpretation comports with our decision in *Maza*, in which we concluded that, under OAR 839-020-0050, employers have a "duty to monitor employees' work and meal periods to ensure that full meal periods are taken." *Maza*, 300 Or App at 480. As a result, even if an employee has voluntarily returned to work early contrary to an employee handbook policy, absent an exemption, an employer must "pay" an employee "who is not relieved of duties during the entirety of the required minimum 30-minute meal period." *Id.* For those reasons, we conclude that BOLI intended the "pay" described in OAR 839-020-0050(2)(b) to refer to a wage, rather than a penalty.

Other provisions of OAR 839-020-0050 support that interpretation and demonstrate that BOLI intended to define a shortened meal period as work time during which an employee is owed a wage. First, the rule defines a "work period" as the "period between the time the employee begins work and the time the employee ends work," which excludes the meal period "unless th[at] meal period is *paid work time* as provided in section (2) or (5) of this rule." OAR 839-020-0050(11) (emphasis added). Section (2), at issue in this case, requires an employer to "pay" an employee for a meal period if the employee is not relieved of work duties for a continuous 30 minutes during that meal period. Section (5) provides that an employer who establishes an exemption from the minimum meal break requirement must nevertheless "provide the employee adequate *paid* periods in which to rest, consume

a meal, and use the restroom[.]" OAR 839-020-0050(5)(a) (emphasis added).[5] Additionally, an employee may waive their right to a meal period under certain conditions, and if they do, the employee must still be "provided with a reasonable opportunity to consume food during any work period of six hours or more" and the employee must be "paid for any and all meal periods during which the employee is not completely relieved of all duties." OAR 839-020-0050(8)(a)(F) - (G). Within that context, the requirement in OAR 839-020-0050(2)(b) to pay an employee for an otherwise unpaid meal break creates consistency for employees. Regardless of whether the employer is exempted, the employee has validly waived the meal period, or the employer is noncompliant with the rule, a meal period in which the employee is not completely relieved of their duties is part of the "work period" and thus, constitutes "paid work time."

In *Gafur v. Legacy Good Samaritan Hospital*, 344 Or 525, 185 P3d 446 (2008), the Supreme Court similarly concluded that "an employee who takes a rest break does not stop working for wage and hour purposes." *Id.* at 536. In that case, the plaintiffs sought compensation for missed rest periods, arguing that OAR 839-020-0050 entitled them to four hours pay for every three hours and 50 minutes worked. *Id.* at 530. The court "assum[ed] (without deciding)" that BOLI had the authority to create a wage entitlement for such violations but concluded that BOLI did not do so with respect to rest breaks because "the text of the rule, its context, and related statutes demonstrate that 'work' is a term of art for purposes of wage and hour laws, and it includes rest breaks[,]" even though a rest break is not "work" in "colloquial parlance." *Id.* at 532, 534. However, the Supreme Court noted that the rule does not entitle employees to *additional* wages based on missed rest breaks. *Id.* at 538.[6] Consequently, an employee who is not provided a rest

---

[5] An employer that fails to provide employees with a 30-minute meal period must show that doing so would "impose an undue hardship on the operation of the employer's business," that "industry practice or custom has established a paid meal period of less than 30 minutes (but no less than 20 minutes) during which employees are relived of all duty," or that the failure to provide a meal period was a result of "exceptional and unanticipated circumstances." OAR 839-020-0050(3).

[6] We reached a similar conclusion regarding missed meal breaks in *Gafur v. Legacy Good Samaritan Hospital*, 213 Or App 343, 321, 161 P3d 319 (2007),

break during a four-hour shift but is still paid for four hours of work has not been paid "less than the wages to which the employee is entitled" and therefore, "may not pursue a wage claim under ORS 653.055." *Id.* at 536.

In reaching that conclusion, the court reviewed related BOLI regulations concerning working hours, and noted that, even when an employee is not performing their usual job duties, if that time is controlled by the employer such that an employee is unable to use that time for their own purposes, the employee is "working" for purposes of wage and hour laws. *Id.* at 534-35. For example, OAR 839-020-0042 provides that, under certain conditions, an employee who is required to be on duty for less than 24 hours "is considered to be working even though some of the employee's time is spent sleeping or in certain other activities." Similarly, under OAR 839-020-0041(3), an employee who must remain on-call on or close to the employer's premises such that "the employee cannot use the time effectively for the employee's own purposes is working" or is "working while 'on-call.'" In the same vein, with respect to rest periods, "the fact that a 10-minute rest break is too short to enable an employee to use the time effectively for his or her own purposes suggests that the employee is 'working' for purposes of wage and hour laws." *Gafur*, 344 Or at 535.

We conclude that that reasoning applies with equal force to a shortened meal period. Unlike the 10-minute meal period described in OAR 839-020-0050(6)(a), an employer may deduct a full 30-minute meal period from an employee's pay, which suggests that BOLI considered 30 minutes enough time to allow an employee to use the meal period for their own purposes. However, if an employee receives less than a full 30 minutes, the employee does not have the same level of control over that time, and therefore, is still working for wage and hour purposes. Importantly, and consistent with the Supreme Court's decision in *Gafur*, nothing in the

---

*rev'd on other grounds*, 344 Or 525, 185 P3d 446 (2008), in which we held that the failure to provide the plaintiffs meal breaks during an eight-hour shift did not entitle the employees to wages for eight and one-half hours. The plaintiffs sought review, which the Supreme Court granted, but the plaintiffs did not challenge the portion of our decision regarding the meal period violations, and thus, that matter was not before the Supreme Court. *Gafur*, 344 Or at 528 n 3.

rule entitles an employee to an *additional* wage for a short-ened meal period, *i.e.*, the employee who takes a 15-minute meal break is not entitled to pay for both the remaining 15 minutes of that break *and* 30 additional minutes. Rather, we simply conclude that an employee who is not relieved of their job duties for a continuous 30 minutes during the meal period is considered "working" for wage and hour purposes.

Finally, our interpretation is reinforced by the relevant adoption history. The current language of OAR 839-020-0050(2)(b) was adopted in 2010, two years after *Gafur* issued, to "[c]larify that, except as otherwise provided in [BOLI's] meal and rest periods rule, employees who are not relieved of all duties for 30 continuous minutes during their meal period must be paid for the entire 30-minute meal period." Oregon Bulletin, Volume 49, No. 5, p. 11 (May 2010). Prior to the current rule's adoption, the rule did not expressly require an employer to pay an employee for a shortened meal period; however, the "work period" was still defined as excluding the meal period "unless the meal period is paid work time as provided in Section (2)[.]" OAR 839-020-0050 (Jan 9, 2009). In turn, section (2) of the rule provided that an employee must be relieved of all duties for 30 continuous minutes during shifts of certain lengths. *Id.* The 2010 amendment then did not substantively change the operation of the rule, but rather, specifically articulated, consistent with the Supreme Court's treatment of the rest period in *Gafur*, that an employee who does not receive a full meal period is working for purposes of wage and hour law and is therefore entitled to their wage during that period.

In sum, we conclude that the text, context, and adoption history of OAR 839-020-0050(2)(b) indicate that the rule requires an employer to pay an employee a wage during a shortened meal period because that employee has not stopped working for purposes of wage and hour laws.

B.   *Question Four: Do employees have a private right of action for shortened meal periods?*

Having concluded that OAR 839-020-0050(2)(b) requires employers to pay a wage to employees for a shortened meal period, we turn to the trial court's fourth

certified question, which asks whether employees have a private right of action to recover those wages. Defendants argue that employees do not have a private right of action because BOLI exceeded its statutory authority under ORS 653.261(1) by creating a wage entitlement for meal period violations. Plaintiffs respond that BOLI has not created a "wage entitlement," but rather that BOLI has defined "the hours and circumstances that count as hours worked, *i.e.*, for which workers are owed wages[,]" and thus, plaintiffs have a legislatively created right of action to recover those wages under ORS 653.055.

To start, we note that defendants' argument regarding BOLI's authority is largely premised on their construction of OAR 839-020-0050(2)(b) as entitling an employee to an *additional* 30 minutes of pay beyond their normal wage. However, as we have explained, the rule, properly construed, does not entitle employees to an additional 30 minutes of wages, but rather, provides that an employee who is not completely relieved of their job duties for 30 continuous minutes has not stopped working for purposes of wage and hour laws and, thus, is entitled to their usual wage. The question before us, then, is whether the legislature authorized BOLI to define a shortened meal period as compensable work time. *See Examilotis v. Dept. of State Lands*, 239 Or App 522, 533, 244 P3d 880 (2010) (explaining that "when [an agency's] rule-making power is challenged, [the agency must] show that its regulation falls within a clearly defined statutory grant of authority").

"It is well established that state agencies are creatures of statute, and that, in the absence of a constitutional provision concerning their function and authority, they derive their authority from (1) the enabling legislation that mandates that particular agency's function and grants powers, and (2) from general laws affecting administrative bodies." *City of Portland v. Building Codes Div.*, 313 Or App 93, 101, 496 P3d 1108 (2021) (internal quotation marks omitted). To determine whether BOLI exceeded its statutory authority, we analyze the pertinent enabling statutes using the principles set forth in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

ORS 653.261(1) authorizes BOLI to make rules prescribing minimum conditions of employment, including minimum meal and rest periods:

> "The Commissioner of the Bureau of Labor and Industries may adopt rules prescribing such minimum conditions of employment, excluding minimum wages, in any occupation as may be necessary for the preservation of the health of employees. The rules may include, but are not limited to, minimum meal periods and rest periods, and maximum hours of work, but not less than eight hours per day or 40 hours per workweek; however, after 40 hours of work in one workweek overtime may be paid, but in no case at a rate higher than one and one-half times the regular rate of pay of the employees when computed without benefit of commissions, overrides, spiffs and similar benefits."

By its terms, the statute does not directly entitle employees to wages, nor to any specific working conditions. Rather, ORS 653.261(1) exclusively concerns BOLI's rule-making authority but does not otherwise define "minimum conditions of employment." However, under ORS 653.010(2), to "employ" means "to suffer or permit to work." Although "minimum conditions" is not similarly defined in ORS chapter 653, "minimum" is commonly understood to mean "the least quantity assignable, admissible, or possible in a given case" and a "condition" is an "attendant circumstance[]." *Merriam-Webster Unabridged Dictionary*, https://unabridged. merriam-webster.com/unabridged/minimum (accessed Oct 17, 2025); *id.*, https://unabridged.merriam-webster.com/ unabridged/condition (accessed Oct 17, 2025); *see also State v. Meiser*, 372 Or 438, 462, 551 P3d 349 (2024) ("When the legislature has not specially defined a term of common usage, we generally assume that the legislature intended to use the term in a manner consistent with its plain, natural, and ordinary meaning, and we often consult dictionaries for guidance in determining what the legislature would have understood a term to mean." (Internal quotation marks omitted.)). Thus, the plain text of ORS 653.261(1) authorizes BOLI to set a floor of basic workplace conditions.

That grant of authority is broad, though not unlimited: BOLI may only regulate those working conditions that are "necessary for the preservation of the health of

employees." ORS 653.261(1). Notwithstanding that limitation, ORS 653.261(1) contemplates that some minimum conditions may relate to an employee's wage. First, the statute expressly prohibits BOLI from establishing a minimum wage, which is governed by ORS 653.025, and its exclusion suggests that a minimum wage might otherwise be considered a minimum condition of employment. Second, the statute defines overtime and sets the applicable rate of pay. Significantly, the legislature identified overtime pay alongside meal and rest periods and maximum hours of work as "minimum conditions of employment" within BOLI's rulemaking authority. We note that each of those conditions concerns an employee's working hours and may affect the computation of an employee's wages—overtime pay is triggered only once an employee has worked a maximum number of hours, and in turn, whether required rest or meal breaks are included in those hours similarly impacts the wage and hour computation. Moreover, the statute itself does not instruct whether a minimum meal or rest period is paid or unpaid, which suggests that the legislature intended that BOLI could determine whether such breaks constitute work time. In sum, although the plain text of ORS 653.261(1) does not explicitly authorize BOLI to define meal periods as compensable work time, the statutory text demonstrates that certain minimum conditions necessary to protect employee health affect an employee's working hours and wages.

In addition to ORS 653.261(1), the legislature granted BOLI general rulemaking authority under ORS 653.040:

"The Commissioner of the Bureau of Labor and Industries, in addition to the commissioner's other powers, may:

"* * * * *

"(3) Make such rules as the commissioner considers appropriate to carry out the purposes of ORS 653.010 to 653.261, or necessary to prevent the circumvention or evasion of ORS 653.010 to 653.261 and to establish and safeguard the minimum wage rates provided for under ORS 653.010 to 653.261."

Defendants argue that ORS 653.040 is inapposite because ORS 653.261 is a more specific statutory provision that takes precedence over the general grant of authority contained in ORS 653.040. It is true that we generally "assume that the more specific of *conflicting* statutes will take precedence over a more general one[,]" however, that maxim of construction is not applicable unless the statutes are "irreconcilably conflicting." *Preble v. Centennial School Dist. No. 287*, 298 Or App 357, 364, 367, 447 P3d 42 (2019) (emphasis added).

We find no such conflict, let alone an irreconcilable one, between ORS 653.261 and ORS 653.040. To start, ORS 653.040 grants BOLI rulemaking authority *in addition* to its other powers, which suggests that the legislature intended ORS 653.040 to supplement more specific grants of authority within ORS chapter 653. Further, ORS 653.040 expressly references ORS 653.261, thereby authorizing BOLI to promulgate rules to "carry out the purposes of" and "prevent the circumvention" of ORS 653.261. Put another way, ORS 653.040(3) authorizes BOLI to create "policies that implement its statutory authority," although that "does not include the authority to issue rules that expand or neglect those responsibilities." *Examilotis*, 239 Or App at 533 (discussing the Department of State Lands' statutory authority under ORS 196.692(1) to "carry out the provisions" of various statutes). ORS 653.261 expressly contemplates meal periods may be necessary to preserve the health of employees, and OAR 839-020-0050 implements that statutory policy by requiring that an employee be completely relieved of their job duties during the meal period and by placing the burden of enforcement on the employer because of "their authority over the workplace" and "unique role in monitoring the workplace to ensure that work is not performed when it is not requested and that breaks are taken." *Maza*, 300 Or App at 479-80. If an employer fails to ensure that work is not performed during an unpaid meal period, OAR 839-020-0050(2)(b) simply provides that that meal period is compensable work time. We find that enforcement scheme falls within BOLI's authority to require meal breaks for employee health and to prevent employers from circumventing that requirement.

Additionally, ORS 653.055 provides contextual support for that conclusion. *See State v. Giron-Cortez*, 372 Or 729, 737, 557 P3d 505 (2024) ("A statute's context includes other provisions of the same or related statutes."). ORS 653.055 creates a private right of action to recover "the wages to which the employee is entitled under ORS 653.010 to 653.261." Both ORS 653.261(1) and ORS 653.040(3) fall within that statutory range, and both statutes exclusively concern BOLI's rulemaking authority. By referencing BOLI's enabling statutes within the statute governing wage claims, the legislature likely intended that such a wage claim could arise based on a violation of BOLI rules. Because certain minimum conditions of employment, such as the meal period, are intertwined with an employee's working hours and the performance of their job duties, BOLI has authority to define a meal period as compensable work time.[7]

In conclusion, OAR 839-020-0050(2)(b) does not exceed BOLI's statutory authority to make rules prescribing minimum meal periods to protect employee health. The text, context, and legislative history of ORS 653.261(1) and ORS 653.040(3) demonstrate that the legislature understood that some minimum conditions of employment relate to an employee's working hours and wages and that it granted BOLI the authority to regulate those conditions. Accordingly, an employer who fails to pay an employee wages owed for a shortened meal period has paid the employee "less than the wages to which the employee is entitled" and the employee has a private right of action to recover those wages under ORS 653.055.

---

[7] We also reviewed the legislative history of ORS 653.261 and did not find support for defendants' position. Defendants emphasize that prior to the enactment of ORS 653.261, BOLI had the authority to set the minimum wage for women and minors. Or Laws 1933, ch 88, § 1. That authority was revoked in 1967 when the state passed House Bill (HB) 1340, which established the state's first statutory minimum wage. Or Laws 1967, ch 596, §§ 4-5. Defendants argue that that historical context is evidence that the legislature knew how to expressly grant BOLI the authority to create a wage entitlement, and by removing BOLI's authority to set the minimum wage, it necessarily prohibited BOLI from granting employees "additional wages in connection with working conditions." However, defendants' argument is grounded in a construction of the rule we have already rejected. Moreover, the requirement that an employer pay an employee for performing job duties during a meal break does not modify the minimum wage, it only regulates when an employee is entitled to that wage.

C.   *Question Two: What is/are the statute(s) of limitation applicable to claims based on OAR 839-020-0050(2)(b)?*

We turn next to the trial court's second certified question, which asks what statute of limitations governs plaintiffs' claims. An action for unpaid wages must be commenced within six years. ORS 12.080 ("An action upon a liability created by statute, other than a penalty or forfeiture, excepting those mentioned in ORS 12.110 \*\*\* shall be commenced within six years."). Actions for a penalty must be commenced within three years, ORS 12.100, and actions for overtime pay and associated penalties must be commenced within two years, ORS 12.110(3). Consequently, we agree with the parties that the applicable statute of limitations depends on whether an employer must pay employees a wage or penalty for a violation of OAR 839-020-0050(2)(b). Because we conclude that an employer must pay an employee wages for a meal period lasting fewer than 30 minutes, an action to recover those unpaid wages is subject to a six-year statute of limitations under ORS 12.080.

D.   *Question Three: Does an employer's failure to pay for a shortened meal period under OAR 839-020-0050(2)(b) entitle the employee to penalty wages under ORS 653.055(1)(b)?*

We turn to trial court's third certified question, which asks whether an employee who is not paid for a shortened meal period is entitled to penalty wages under ORS 653.055(1)(b) and ORS 652.150. As with the applicable statute of limitations, the parties agree, as do we, that the answer to this question depends on whether the "pay" described in OAR 839-020-0050(2)(b) is a wage or penalty. Because that pay is a wage, we conclude that an employer may be liable for penalty wages under ORS 652.150 based on willful violations of the meal break rule.

As a reminder, ORS 653.055(1) provides that an employer "who pays an employee less than the wages to which the employee is entitled under ORS \*\*\* 653.261" is liable to the employee for the "full amount of the wages" and "[f]or civil penalties provided in ORS 652.150." In turn, ORS 652.150 provides, as relevant:

"(1)  * * * [I]f an employer willfully fails to pay any wages or compensation of any employee whose employment ceases, as provided in ORS 652.140 and 652.145, then, as a penalty for the nonpayment, the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefor is commenced. However:

"(a)  In no case shall the penalty wages or compensation continue for more than 30 days from the due date[.]"

Although ORS 652.150 concerns wages due upon an employee's termination, we have previously concluded that the reference to ORS 652.150 in ORS 653.055 provides for penalty wages not only for untimely payment of wages upon termination, but also for distinct statutory violations of ORS 653.261. *Cornier v. Paul Tulacz, DVM PC*, 176 Or App 245, 249, 30 P3d 1210 (2001). However, as we have previously concluded, "the reference to ORS 652.150 in ORS 653.055(1) includes the need to establish that an employer's failure to pay wages is willful in order to impose civil penalties." *Migis*, 282 Or App at 803. Thus, an employee may seek penalty wages based on an employer's willful failure to pay wages to which the employee is entitled under ORS 653.261, which, as we have explained, includes wages owed for a shortened meal period.[8]

### III.  CONCLUSION

In conclusion, under OAR 839-020-0050(2), an employee who is not completely relieved of their job duties during a mandatory 30-minute meal period is entitled to a

---

[8] Defendants acknowledge that plaintiffs "are bound" by their concession "that they are entitled to one 30-day penalty per plaintiff." However, defendants argue that "future plaintiffs bringing similar claims may argue that * * * the number of penalties is based on the number of pay periods in which the employee was not paid wages." Because plaintiffs seek only one 30-day penalty per plaintiff, we express no opinion as to whether ORS 653.055 and ORS 652.150 permit an employee to seek a 30-day penalty for each pay period in which an employer fails to pay for shortened meal periods. *See Shea v. Chicago Pneumatic Tool Co.*, 164 Or App 198, 204, 990 P2d 912 (1999), *rev den*, 330 Or 252 (2000) ("[I]t makes sense that the legislature would intend to limit interlocutory appellate review to those questions identified by the trial court as 'controlling' and as to which an immediate decision 'may materially advance the ultimate termination' of the lawsuit. To permit interlocutory appellate review broader than the controlling questions identified by the trial court risks wasting the time of the appellate courts in disposing of issues that, by the disposition of the case at trial, may ultimately be rendered academic.").

wage for the entire 30-minute period because that employee has not stopped working for purposes of wage and hour laws. That rule does not exceed the scope of BOLI's statutory authority to prescribe minimum meal periods. Based on the text, context, and legislative history of the pertinent enabling statutes, ORS 653.261(1) and ORS 653.040(3), we conclude that the legislature authorized BOLI to regulate an employee's working hours as those hours interact with required meal and rest periods. Accordingly, employees may recover unpaid wages based on a violation of OAR 839-020-0050(2) under ORS 653.055. Such a claim must be commenced within six years, ORS 12.080, and an employer may be liable for penalty wages under ORS 653.055(1)(b) and ORS 652.150 if they willfully violate ORS 653.261.

Affirmed and remanded for further proceedings.